UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 13-60066-CIV-COHN/SELTZER

ABRAHAM INETIANBOR,

    Plaintiff,

v.

CASHCALL, INC.,

    Defendant.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR REMAND AND GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION

**THIS CAUSE** is before the Court upon Plaintiff's Motion to Remand Defendant's Notice of Removal to Federal Court [DE 4], and Defendant's Motion to Compel Arbitration and Dismiss or Stay Case [DE 16] ("Motion to Compel Arbitration"). The Court has considered the motions, the parties' responses and replies, the record in this case, and is otherwise fully advised in the premises.

### I. BACKGROUND

On January 5, 2011, Plaintiff Abraham Inetianbor entered into a consumer loan agreement with Western Sky Financial, LLC ("Western Sky"), for $2,525.00, with an annual interest rate of 135%. Western Sky Consumer Loan Agreement [DE 16-2] ("Loan Agreement") at 3-4. Defendant CashCall, Inc. ("CashCall"), is the servicer, handler, and collector on the loan. Mot. to Compel Arbitration at 2. Plaintiff claims that he has paid off the loan in full, but that CashCall has continued to report to credit bureaus that he has upcoming or late payments. Amended Complaint [DE 1-3] at 2.

The Loan Agreement has several provisions that relate to dispute resolution.

First, the opening section of the Agreement provides as follows:

> This Loan Agreement is subject solely to the exclusive laws and jurisdiction of the Cheyenne Sioux Tribe [the tribe], Cheyenne River Indian Reservation.  By executing this Loan Agreement, you, the borrower, hereby acknowledge and consent to be bound to the terms of this Loan Agreement, consent to the sole subject matter and personal jurisdiction of the Cheyenne River Sioux Tribal Court, and further agree that no other state or federal law or regulation shall apply to this Loan Agreement, its enforcement or interpretation.

Loan Agreement at 3.  Furthermore, under the section titled "Waiver of Jury Trial and Arbitration," it states that:

> You agree that any Dispute, except as provided below, will be resolved by Arbitration, which shall be conducted by the Cheyenne River Sioux Tribal Nation by an authorized representative in accordance with its consumer dispute rules and the terms of this Agreement . . . .
>
> A "Dispute" is any controversy or claim between you and Western Sky or the holder of the Note. . . . For purposes of this Arbitration agreement, the term "the holder" shall include Western Sky or the then-current note holder's employees, officers, directors, attorneys, affiliated companies, predecessors, and assigns, as well as any marketing, servicing, and collection representatives and agents . . . .

Id. at 5-6.  However, the Agreement does allow the borrower to appear at arbitration by telephone or video conference, rather than travel to the reservation.  Id. at 6.

On July 12, 2012, Plaintiff brought suit in the Seventeenth Judicial Circuit Court, Broward County, Florida, alleging that CashCall had defamed Plaintiff's character by misrepresenting his creditworthiness to credit reporting agencies.  See Complaint [DE 1-2] at 3-4.  On September 28, 2012, Plaintiff served the Complaint on CashCall, and on October 18, 2012, CashCall filed a Motion to Dismiss or, in the Alternative, Motion for a More Definite Statement.  See State Court Docket [DE 1-4] at 12-21.  The state court denied the motion to dismiss, but granted the motion for a more definite

2

statement. Id. at 46. On December 17, 2012, Plaintiff filed his Amended Complaint in which he brought claims for defamation, usury, and violations of the Fair Credit Report Act, 15 U.S.C. §1681 *et seq.* ("FCRA"). On January 11, 2013, CashCall removed the action to this Court. Notice of Removal [DE 1] at 2-3.

In the instant motions before the Court, Plaintiff moves to remand the case back to state court, while CashCall asks the Court to compel arbitration and dismiss or stay the case. The Court will deal with each of these motions in turn.

## II. MOTION TO REMAND

"[A] defendant's right to remove an action against it from state to federal court 'is purely statutory and therefore its scope and the terms of its availability are entirely dependent on the will of Congress.'" Global Satellite Commc'n Co. v. Starmill U.K. Ltd., 378 F.3d 1269, 1271 (11th Cir. 2004) (quoting 14B Charles Alan Wright, Arthur R. Miller, & Edward H. Cooper, Federal Practice and Procedure, § 3721, at 285-86 (3d ed. 1998)). Removal statutes are strictly construed. When a plaintiff and defendant disagree about jurisdiction, all doubts must be resolved in favor of remand. See Miedema v. Maytag Corp., 450 F.3d 1322, 1328-29 (11th Cir. 2006) (citing Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994). Further, "[a] removing defendant bears the burden of proving proper federal jurisdiction." Leonard v. Enterprise Rent a Car, 279 F.3d 967, 972 (11th Cir. 2002).

Here, CashCall removed the case pursuant to 28 U.S.C. § 1441(a). Notice of Removal at 1-2. CashCall contends that its removal was proper because the Court has jurisdiction over Plaintiff's FCRA claim pursuant to 28 U.S.C. § 1331, and supplemental jurisdiction over Plaintiff's other claims. Id. The Court agrees. Section 1441(a)

provides that:

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a). In this case, the Court has original jurisdiction over the action. First, the Court has jurisdiction over the FCRA claim under § 1331, because such claim arises under federal law. Further, the Court has supplementary jurisdiction over the defamation and usury claims because they arise out of the same nucleus of operative facts as the FCRA claim. See Parker v. Scrap Metal Processors, Inc., 468F.3d 733, 743 (11th Cir. 2006); 28 U.S.C. § 1367. Therefore, CashCall's removal was permissible under § 1441(a).

Plaintiff attempts to defeat removal by asserting that "[a]n action may not be removed based on the federal defense of preemption." Mot. to Remand at 2. This argument misconstrues CashCall's basis for removal. Plaintiff sued under the FCRA, which is a federal statute. Plaintiff's claim therefore arises under federal law, and may be removed to federal court. Accordingly, CashCall's removal was proper, and Plaintiff's Motion to Remand will be denied.

### III. MOTION TO COMPEL ARBITRATION

#### A. Legal Standards

In considering CashCall's Motion to Compel Arbitration, the Court looks first to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* ("FAA"), which governs the interpretation and enforceability of arbitration provisions. See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983) (noting that the FAA "[creates] a

body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act."). Section 2 of the FAA provides that

> "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."

9 U.S.C. § 2.  Further, § 3 requires federal courts to stay proceedings when an issue in the proceeding is referable to arbitration; and § 4 directs courts to compel arbitration when one party has failed to comply with an agreement to arbitrate.  EEOC v. Waffle House, Inc., 534 U.S. 279, 289 (2002) (citing 9 U.S.C. §§ 3-4).  Together, these provisions "manifest a liberal federal policy favoring arbitration agreements." EEOC, 534 U.S. at 829 (quoting Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 24 (1991)).  Because of that policy, all doubts concerning the scope of an arbitration provision are resolved in favor of arbitration.  Brandon, Jones, Sandall, Zeide, Kohn, Chalal & Musso, P.A. v. Medpartners, Inc., 312 F.3d 1349, 1358 (11th Cir. 2002) (citing Moses H. Cone, 460 U.S. at 24-25).

The Court's role in deciding a dispute is quite limited when there is an agreement to arbitrate.  "[T]he threshold questions a district court must answer when determining whether a case may be properly referred to arbitration are: (1) whether the parties entered into a valid arbitration agreement; and (2) whether the specific dispute falls within the scope of the agreement." Viamonte v. Biohealth Techs., Case No. 09-21522-CIV-GOLD/McALILEY, 2009 U.S. Dist. LEXIS 119200, *6 (S.D. Fla. Nov. 24, 2009).  A plaintiff challenging the enforcement of an arbitration agreement bears the burden to establish, by substantial evidence, any defense to the enforcement of the agreement.

5

See Bess v. Check Express, 294 F.3d 1298, 1306-07 (11th Cir. 2002).

## B. Analysis

Here, Defendant argues that the arbitration agreement, by its plain language, covers Plaintiff's claims.  The Court agrees.  The terms of the agreement are clear: all disputes between the borrower and the holder of the Note or the holder's servicer must be settled through arbitration.  See Loan Agreement at 5-6.  In this suit, Plaintiff seeks damages from Cashcall, the servicer of the note, for actions related to Cashcall's servicing and collecting on the note.  See Amended Complaint at 2.  Therefore, Plaintiff's claims fall within the scope of the arbitration provision.

Plaintiff attempts to avoid arbitration on five grounds, each of which is unavailing.  First, he contends that the agreement is not legally enforceable because it charges usurious interest on the loan.  However, as CashCall points out, the Eleventh Circuit rejected a similar argument in Jenkins v. First American Cash Advance of Gerogia, LLC, 400 F.3d 868, 880-82 (11th Cir. 2005).  In Jenkins, the plaintiff argued that the underlying contracts were illegal and void *ab initio*, and therefore that she should not have to arbitrate over void contracts.  Id. at 880.  The Court rejected this argument because the plaintiff's challenge went to "the content of the contracts – i.e., the rates of interest charged in the loan agreements," rather than the validity or scope of the arbitration agreement.  Id. at 882.  Therefore, the Court held that the legality of the contract was an issue for the arbitrator to decide.  Id.  The reasoning of Jenkins is directly applicable to the instant case.  By asserting that the Loan Agreement is usurious, Plaintiff is only contesting the contents of the contract.  Accordingly, such disputes are "for the arbitrator, not the court, to decide." Id.

Second, Plaintiff asserts that the tribal court does not have jurisdiction over this action. Plaintiff does not set forth any reasons that would undermine or invalidate the Loan Agreement's provision that the Agreement is "subject solely to the exclusive laws and jurisdiction of the Cheyenne Sioux Tribe, Cheyenne River Indian Reservation." Loan Agreement at 3. Moreover, as CashCall asserts, the Eleventh Circuit has summarized the case law regarding choice-of-law provisions in arbitration agreements as follows:

> (1) courts should apply a strong presumption in favor of enforcement of arbitration and choice clauses; (2) US statutory claims are arbitrable, unless Congress has specifically legislated otherwise; (3) choice-of-law clauses may be enforced even if the substantive law applied in arbitration potentially provides reduced remedies [ . . . ] than those available under US law, and (4) even if a contract expressly says that foreign law governs . . . courts should not invalidate an arbitration agreement at the arbitration-enforcement stage . . . . "

Lindo v. NCL (Bahamas) Ltd., 652 F.3d 1257, 1269 (11th Cir. 2011). There is thus a strong presumption in favor of enforcing the jurisdictional clause of the Loan Agreement. As the party challenging the enforcement of an arbitration agreement, Plaintiff bears the burden of establishing the invalidity of the jurisdictional clause. He has not met that burden. Therefore, the Court concludes that the tribe has jurisdiction to arbitrate Plaintiff's claims.

Third, Plaintiff asserts that Western Sky affiliates itself with the tribe and uses tribal law in an attempt to evade state and federal consumer protection laws. This argument does not pertain to the threshold issues that the Court must decide at this stage, namely, the validity and scope of the arbitration clause. Therefore, even if the Court takes Plaintiff's argument as true, it would not provide grounds for denying

7

CashCall's motion. Plaintiff's fourth argument – that CashCall is the actual lender, not Western Sky, and that CashCall is not a bank – fails for the same reason.

Finally, Plaintiff argues that the arbitration agreement is unenforceable because it is unconscionable. "The Supreme Court has recognized that 'generally applicable contract defenses, such as fraud, duress, or unconscionability may be applied to invalidate arbitration agreements.'" Jenkins, 400 F.3d at 875 (quoting Doctor's Assocs., Inc. v. Casarotto, 517 U.S. 681, 687 (1996)). However, in this case, Plaintiff merely asserts unconscionability without any supporting argument.[1] Plaintiff has the burden of proving, by substantial evidence, any defenses to enforcement of the arbitration agreement. He has failed to do so, and accordingly, the Court will grant CashCall's motion.

## IV. CONCLUSION

Accordingly, for the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Plaintiff's Motion to Remand Defendant's Notice of Removal to Federal Court [DE 4] is **DENIED**.

2. Defendant's Motion to Compel Arbitration and Dismiss or Stay Case [DE 16] is **GRANTED**. The parties are ordered to submit the claims presented in the instant action to arbitration.

3. Pursuant to the FAA, 9 U.S.C. § 3, this case is **STAYED** until such

---

[1] Plaintiff implies that he is unable to afford to travel to South Dakota to arbitrate. The Court reminds Plaintiff that the Loan Agreement permits him to appear at the arbitration by telephone or video conference, without physically traveling to the reservation. Loan Agreement at 6.

    arbitration has been had in accordance with the terms of the agreement.

4. The parties are directed to file a status report with this Court upon the earliest of either 1) the completion of arbitration, or 2) August 15, 2013, to advise the Court regarding the status of the case.

4. Any pending motions are **DENIED as moot**.  The Clerk of Court is directed to **CLOSE** this case for administrative purposes.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 15th day of February, 2013.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF

Abraham Intetianbor, *pro se*
4271 NW 5th Street, #247
Plantation, FL 33317