UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-60066-CIV-COHN/SELTZER

ABRAHAM INETIANBOR, JOHNNY
FRETWELL, LAUREN BROWN, THOMAS
PETERSON, VIRGINIA FRY, and NELS
PATE, JR., on behalf of himself and a class
of persons similarly situated,

        Plaintiffs,

vs.

CASHCALL, INC. and JOHN PAUL REDDAM,

        Defendants.

_____/

## ORDER

**THIS CAUSE** is before the Court upon Defendant CashCall, Inc's (CashCall")

Motion to Compel Discovery [DE 229]. CashCall moves to compel Plaintiff, Abraham

Inetianbor ("Inetianbor" or "Plaintiff"), to provide better responses to CashCall's First Set

of Interrogatories and Second Request for Production.  CashCall argued in its initial motion

that certain of Inetianbour's responses were "paltry" and "fell well short of his discovery

obligations."   Inetianbour responded to the motion with a written memorandum, as well as

a Sworn Declaration that was filed under seal [DE 244].

       Based upon the facts set forth in the Sworn Declaration, CashCall acknowledges

that certain of the responses are now substantively sufficient, but that it is still entitled to

receive supplemental, non-sealed responses to the discovery requests.   CashCall seeks

sanctions for having to move the Court for relief; it argues that the responses should have

been provided in the first instance.  In addition, the parties continue to dispute the

relevancy and scope of several remaining discovery requests.  The Court has reviewed the discovery requests, the initial responses, Inetianbor's sealed Sworn Declaration and the parties' memoranda of law.  Each of the discovery requests will be addressed below.

<u>CashCall's Interrogatories Nos. 2,  3 and 5</u>

Interrogatories 2 and 3 pertain to damages.  Interrogatory No. 2 asks Plaintiff to list each item of damages claimed and to set forth the amount and calculations used. [DE 229].  Interrogatory No. 3 asks for follow up information in the event Plaintiff contends that any item of damage cannot be calculated at this time. [DE 229].  In response to Interrogatory No. 2,  Plaintiff objected on the ground that "damages cannot be calculated or quantified at this time."  Nevertheless, he provided  the factual bases for his damages claim, but failed to provide any amounts or calculations.  Plaintiff objected to Interrogatory No. 3 on the basis of attorney work product privilege, yet stated that "Plaintiff shall provide information as needed to quantify damages in due course.  Plaintiff reserves the right to supplement this response."

Interrogatory 5 asked Plaintiff to identify all bills from January 1, 2010, to the present that Plaintiff and his family were responsible to pay but that were paid more than 30 days late, and to provide information about each of those bills.  Plaintiff objected to this interrogatory on the ground, <u>inter alia</u>,  that it was overly broad, unduly burdensome, and not relevant to the issues in this lawsuit.

After CashCall filed its Motion to Compel, Plaintiff submitted his sealed Sworn Declaration. CashCall acknowledges that Plaintiff's Sworn Declaration contained facts and statements that sufficiently responded to Interrogatories Nos. 2, 3 and 5. [DE 248]. However, CashCall requests that Plaintiff be required to serve non-sealed supplemental,

verified responses to CashCall's Interrogatories.  The Court agrees that this is proper.  <u>See</u> Fed. R. Civ. P. 33(b)(3)("Each interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath.")  Plaintiff, therefore, shall provide separate, written, verified responses to Interrogatories Nos. 2, 3, and 5  within seven (7) days of the date of this Order.

<u>Interrogatory No. 14</u>

Interrogatory No. 14 asked for the annual gross income for Inetianbor and his family. Plaintiff objected on the grounds of lack of relevance and invasion of privacy of himself and his family. CashCall argues that because Plaintiff alleges "monetary loss" as a result of Caschcall's conduct, it is entitled to discovery regarding Plaintiff's finances.  It argues that there is no claim to privacy when a party injects its financial health into the proceedings and it cites <u>Socas v. Northwestern Life Ins. Co.</u>, 2008 WL 276069, at *3 (S.D. Fla. Jan. 31, 2008).

<u>Socas</u> is not on point.  In that case, the claimant filed suit to recover disability insurance benefits; her alleged loss of ability to earn income was the central issue in the case. The insurance company subpoenaed the claimant's banking records, and the claimant sought a protective order.  The court denied the protective order because the claimant's income information was directly related to her claim in the case:  the alleged lack of ability to earn income. <u>Id</u>.

By contrast, Plaintiff's ability to earn income, or the amount of income he earned, is not relevant or proportional to the issues in this case.  <u>See</u> Fed. R. Civ. P. 26(b)(1)("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . .").  The fact

that Plaintiff contends CashCall's actions caused him monetary damages does not require Plaintiff to open his financial records for inspection; Plaintiff is not seeking lost income, lost profits, or lost investment opportunities.  He is seeking damages for an allegedly usurious loan, deceptive practices, and fraud.   These damages are discrete and limited to CashCall's actions.   Plaintiff's objections to Interrogatory Number 14 are **SUSTAINED.**

Second Request for Production

CashCall's Second Request for Production sought production of 60 categories of documents. Plaintiff objected to many of the requests, following which CashCall made an attempt to "meet and confer" by letter.  After receiving "numerous" requests for extensions of time from Plaintiff, CashCall filed its Motion to Compel.  In his sealed Sworn Declaration submitted in opposition to the Motion to Compel, Plaintiff stated that he has produced all responsive documents in his possession. [DE 248].

Non-Sealed Supplemental Response

 Although Plaintiff's Sworn Declaration moots most of the Motion to Compel, CashCall requests an order compelling Plaintiff to serve non-sealed supplemental responses to CashCall's Second Request to Produce.  As with the Interrogatories, the Court finds this appropriate.  See Fed. R. Civ. P. 34(b)(2)(B)("For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons.").  Plaintiff could have, and should have, indicated that he had no additional responsive documents at the time he served his response to the Request to Produce. Plaintiff, therefore, shall file an amended non-sealed Supplemental Response to

Defendants' Second Request to Produce numbers 23, 24, 33, 34, 46, 47, 48, 55, 56,57, 51, 52, 53, 54, 55, and 56, within seven (7) days of the date of this Order.

<u>Documents Pertaining to Plaintiff's Wife and Family</u>

In addition to requesting documents from Plaintiff, CashCall has requested that documents pertaining to Plaintiff's wife and family also be produced (Requests 27, 31-32 and 35-45).   In support, CashCall argues that language in paragraph 34 of the Fifth Amended Complaint [DE 217] -- "CashCall caused Mr. Inetianbor and his family to suffer great stress and suffering as well as monetary loss" --raises a claim for damages on behalf of Plaintiff's wife and family, and that as long as this allegation remains in the pleading, CashCall is entitled to discovery from Plaintiff's wife and family.  The Court disagrees, and construes the language in Paragraph 34 to be merely surplusage.  Inetiabor's wife is not a party to the suit, nor is his family.  There is no allegation that they were parties to the loan, nor do the counts of the Fifth Amended Complaint seek relief on their behalf. CashCall's Motion to Compel responses from Plaintiff's wife and family to Requests 27, 31-32 and 34-35 is DENIED.

<u>Tax Returns</u>

CashCall's Second Request for Production No. 26 seeks production of Plaintiff's tax returns for the tax years ending December 31, 2010 to the present.[1]  Plaintiff objected "to the request as being harassing, overbroad and unduly burdensome, vague, and seeking

---

[1]Request No. 27, seeks all federal and state tax return filings of the Inetianbor family for the same period. The Court has ruled that the family is not a party to this litigation and, therefore, discovery pertaining to the family is not permitted.  The discussion and the Court's findings regarding the relevancy (or lack of) the tax returns applies to Request No. 27 as well.

irrelevant information.  The requests seeks [sic] to intrude and harass the Plaintiff." [DE 229-2].  In his response to CashCall's Motion to Compel, Plaintiff explains that he has great privacy concerns in light of CashCall's alleged prior behavior; Plaintiff also argues that the tax returns do not reflect his payments on the loan.  CashCall argues that the tax returns are discoverable if relevant to the underlying claims.  See Maddow v. Procter & Gamble Co., Inc., 107 F.3d 846 (11th Cir. 1997)(district court did not abuse discretion in allowing production of tax returns in an age discrimination case because the tax returns would reveal income not listed on Plaintiffs' W-2s); Beller v. Credit Alliance Corp., 106 F.R.D. 557, 559 (N.D. Ga. 1985)(allowing discovery of plaintiff's tax returns where complaint alleged loan modification imposed by defendant lender caused "financial hardship").

The standard for discovery is set forth in Fed. R. Civ. P. 26(b)(1):

> **Scope in General.** Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

As discussed above, although Plaintiff's damages arise from a loan issued by Defendant, Plaintiff's overall financial condition is not an issue in the case.  Again, the damages arise from Defendant's alleged violations of Florida's usury law, Deceptive and Unfair Trade Practices statute, the Fair Credit Reporting Act, and common law fraud.  Most of Plaintiff's damages are statutory in nature; he is not seeking damages for loss of profits, loss of earning ability, lost income, or investment opportunities.  The Court finds that

6

Plaintiff's tax returns are not relevant to any party's claim or defense, nor are they proportional to the needs of the case.  Accordingly, Defendant's Motion to Compel is DENIED as to Request No. 26 and 27.

      <u>Credit Reports and Bank Statements</u>

      CashCall has requested that Plaintiff produce credit reports and documents relating to Plaintiff's credit score (Requests 28, 29, 30 and 58), as well as monthly, quarterly and annual bank statements which Inetianbor (and his family) are authorized to access from January 1, 2010 to the present  (Requests 49 and 50).

      At the outset, the Court notes that Plaintiff objected to Requests 49 and 50 on the grounds that they are "harassing, overbroad and unduly burdensome, vague, unlimited in time, and seeking irrelevant information."  As discussed above, the Court agrees that Plaintiff's claims do not require that he open his financial history to Defendant.  The Court finds that Requests 49 and 50 are not relevant to any claim or defense in this case and are not proportional to the needs of the case.  Fed. R. Civ. P. 26(b)(1).  The Motion to Compel will be DENIED as to Request Nos. 49 and 50.

      As to the credit score documents (Requests 28, 29, 30 and 58), Plaintiff's sealed Sworn Declaration establishes that he does not have any additional documents responsive to these requests in his possession, and CashCall does not dispute that statement. [DE 248].  CashCall does request that Plaintiff serve non-sealed supplemental responses to CashCall's Second Request to Produce.  The Court will order this, and Plaintiff shall serve non-sealed supplemental responses to CashCall's Second Request to Produce Nos. 28, 29, 30, and 58 within seven (7) days of the date of this Order.

CashCall argues that Plaintiff should be ordered to obtain his credit report records from the credit reporting agencies and forward them to CashCall.  CashCall contends that it is not obligated to "chase information that is in the control of Mr. Inetianbor himself, a named plaintiff." [DE 248].  The Court disagrees.  The records CashCall seeks are in possession of credit reporting agencies that operate at arm's length to Plaintiff.  Plaintiff has no agency or affiliate relationship with the credit reporting agencies.  Cf. Costa v. Kerzner Int'l Resorts, Inc., 277 F.R.D.468 (S.D. Fla. 2011)("[D]ocuments have been considered to be under a party's control (for discovery purposes) when that party has the 'right, authority, or practical ability to obtain the materials sought on demand,'" and ordering production of documents held by an affiliated corporation).  Plaintiff has submitted a sworn statement that he has produced all of the credit reports in his possession.  And Defendant has not shown that Plaintiff has the "practical ability" to obtain the materials sought on demand.  For this reason, the Motion to Compel will be denied as to Request Numbers 28, 29, 30 and 58, although Plaintiff will serve an amended non-sealed Supplemental Response to Defendants' Second Request to Produce numbers 28, 29, 30 and 58, stating that Plaintiff has produced all responsive documents in his possession, within seven (7) days of the date of this Order.[2]

CashCall has requested sanctions in the form of an award of fees and costs it incurred in the making of this motion.  "A court must impose attorney's fees and expenses when compelling discovery unless the party was substantially justified in resisting

---

[2] If Defendant seeks to subpoena the records from the credit reporting agencies, this Court would require Plaintiff to cooperate to the extent required for Defendant to obtain the records.

discovery. Fed. R. Civ. P. 37. Substantially justified means that reasonable people could differ as to the appropriateness of the contested action. Pierce v. Underwood, 487 U.S. 552, 565 (1988)." Maddow v. Procter & Gamble Co., 107 F.3d 846, 853 (11th Cir. 1997). The Court finds that Plaintiff's objections and responses were reasonably justified and, therefore, that sanctions are not warranted.

For the reasons set forth above, it is hereby

**ORDERED AND ADJUDGED** that Defendant's Motion to Compel Discovery [DE 229] is **GRANTED IN PART AND DENIED IN PART** as set forth more fully herein, supra. Defendant's request for sanctions is **DENIED**.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 26th day of August, 2016.

BARRY S. SELTZER
United States Magistrate Judge

Copies furnished counsel via CM/ECF