# **EXHIBIT 1**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 13-60066-CIV-COHN-SELTZER**

ABRAHAM INETIANBOR, JOHNNY
FRETWELL, LAUREN BROWN, THOMAS
PETERSON, VIRGINIA FRY, and NELS
PATE, JR., on behalf of themselves and a
class of persons similarly situated,

Plaintiffs,

vs.

CASHCALL, INC. and JOHN PAUL
REDDAM,

Defendants.

_____/

**STIPULATION AND AGREEMENT OF SETTLEMENT**

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.  RECITALS ............................................................................................................. 1

II.  DEFINITIONS ..................................................................................................... 4

III.  TERMS OF THE SETTLEMENT ....................................................................... 7

IV.  RELEASE AND DISMISSAL ........................................................................... 13

V.  NOTICE AND SETTLEMENT ADMINISTRATION ................................... 15

VI.  DISPUTE RESOLUTION…………………………………………………..18

VII.  PRELIMINARY APPROVAL ORDER AND FINAL FAIRNESS HEARING........... 18

VIII.  FINAL APPROVAL OF SETTLEMENT AND OTHER CONDITIONS.................... 22

IX.  TERMINATION OF SETTLEMENT ............................................................... 23

X.  MISCELLANEOUS PROVISIONS ................................................................. 24

Exhibit A – [Proposed] Preliminary Approval Order

Exhibit B – Direct Mail Notice

Exhibit C – Long-Form Notice

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement is entered into by and between Defendants CashCall, Inc. ("CashCall") and John Paul Reddam ("Mr. Reddam") and Plaintiffs Johnny Fretwell, Lauren Brown, Thomas Peterson, Virginia Fry, and Nels Pate, Jr., on behalf of themselves and as representatives of the Settlement Class, as these terms are defined in Section II. This Settlement will fully and finally resolve the litigation pending between them in the United States District Court for the Southern District of Florida styled *Inetianbor, et al. v. CashCall, Inc., et al.,* Case No. 13-cv-60066-CIV-COHN-SELTZER.

## I.      RECITALS

The following recitals are material terms of this Settlement, and all capitalized terms are used as defined in Section II, below, except as otherwise defined herein.  This Settlement is made in contemplation of the following facts and circumstances.

WHEREAS, on July 12, 2012, Abraham Inetianbor ("Mr. Inetianbor") filed suit on an individual basis in Florida state court;

WHEREAS, on July 11, 2013, CashCall removed the case to the United States District Court for the Southern District of Florida;

WHEREAS, on February 11, 2015, Mr. Inetianbor filed his Third Amended Complaint in this Action, asserting class action claims;

WHEREAS, on June 13, 2016, the Fifth Amended Complaint in this Action was filed, asserting class action claims and joining Plaintiffs Fretwell, Brown, Peterson, Fry, and Pate, Jr.;

WHEREAS, on September 19, 2016, the District Court certified a class as well as three subclasses, and designated Plaintiffs Fretwell, Brown, Peterson, Fry, and Pate, Jr. as class representatives and their attorneys as class counsel;

WHEREAS, Mr. Inetianbor has resolved his individual claims separately and therefore is not a party to this Settlement;

WHEREAS, Plaintiffs assert five claims for relief: (1) individual and class claims for violation of the Florida usury statute, Fla. Stat. § 687.02, *et seq.*; (2) individual and class claims for violation of the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201-.213; (3) individual claims for fraud; (4) individual and class claims for declaratory judgment; and (5) individual and class claims for direct personal liability of Mr. Reddam;

WHEREAS, Defendants deny any and all claims alleged by Plaintiffs in the Action, and further deny that Plaintiffs or any members of the class they represent have suffered any injury or damage;

WHEREAS, Plaintiffs and Class Counsel have conducted an investigation of the legal claims at issue, by review and analysis of more than 5,400 pages of documents that Defendants provided in discovery, together with depositions on the practices complained of;

WHEREAS, the Parties participated in a mediation session with Professor Eric Green of Resolutions, LLC in June 2016, and a mediation session with former U.S. District Judge Layn R. Phillips of Phillips ADR Enterprises in October 2016, as well as additional arm's length settlement negotiations;

WHEREAS, based on the investigation and negotiations described above, Plaintiffs and Class Counsel have concluded that it would be in the best interests of the Settlement Class to enter into this Settlement in order to avoid the uncertainties of litigation and to assure benefits to the Settlement Class and that the settlement contemplated hereby is fair, reasonable, and adequate and in the best interests of all members of the Settlement Class;

WHEREAS, Defendants expressly deny all allegations of wrongdoing and liability, and have asserted numerous defenses, but nevertheless desire to settle the Action finally on the terms and conditions set forth herein solely for the purposes of avoiding the burden, expense, and uncertainty of continuing litigation, and to obtain the conclusive and complete dismissal of the Action and release of all Released Claims; and

WHEREAS, the Parties understand, acknowledge, and agree that the execution of this Settlement constitutes the settlement and compromise of disputed claims that have been or could be brought by or on behalf of Plaintiffs or the Settlement Class relating to the conduct at issue in the Action. This Settlement is inadmissible as evidence against any party except to enforce the terms of the Settlement and is not an admission of wrongdoing or liability on the part of any party to this Settlement.

NOW, THEREFORE, in consideration of the promises and agreements set forth herein, it is hereby STIPULATED AND AGREED, subject to the District Court's approval, that each and every claim that has been alleged, or could have been alleged based on the facts alleged in this Action, whether brought by or on behalf of Plaintiffs, the Settlement Class, or portions of the Settlement Class, shall be fully and finally settled and compromised and dismissed with prejudice, and shall be fully discharged and released, upon and subject to the following terms and conditions:

## II.  DEFINITIONS

2.1.  "Action" means the above captioned lawsuit before the Hon. Judge James I. Cohn, in the United States District Court for the Southern District of Florida.

2.2.  "Administrator" means Dahl Administration as agreed by the Parties, subject to approval by the District Court.

2.3.  "CAFA Notice" refers to notice made pursuant to the requirements imposed by 28 U.S.C. § 1715(b).

2.4.  "Cash Award" means a cash payment to an eligible Settlement Class Member with a Residual Balance Loan pursuant to Section 3.4(2).

2.5.  "Class Counsel" means Varnell & Warwick, P.A. and Wallace & Graham, P.A.

2.6.  "Credit History Adjustment Request" means the agreement by the Defendants to contact credit bureaus in the manner described in Section 3.4(1)(c) of this Settlement.

2.7.  "Defendants" means CashCall, Inc. and John Paul Reddam.

2.8.  "Direct Mail Notice" means the notice that will be provided pursuant to Section 5.3(a), subject to approval by the District Court, substantially in the form attached hereto as Exhibit B.

2.9.  "District Court" means the United States District Court for the Southern District of Florida.

2.10.  "Effective Date" means the date that the Judgment becomes final for all purposes because either (i) no appeal has been filed and the time within which an appeal may be filed has elapsed, or (ii) if a timely appeal has been filed, the appeal is finally resolved, with no possibility of further appellate or other review, resulting in final judicial approval of this Settlement.

2.11.  "Escrow Account" means an account held at First Green Bank titled Florida CashCall Settlement Fund for purposes of the Settlement, which shall be subject to supervision by the District Court.

2.12.  "Fifth Amended Complaint" means the complaint filed in the District Court on June 13, 2016.

4

2.13.  "Final Approval Order" means the order to be entered by the District Court in the Action finally approving this Settlement and resolving all issues between the Parties, as provided for in Section VIII below.

2.14.  "Final Fairness Hearing" means the hearing at which the District Court will consider and finally decide whether to approve this Settlement, enter Judgment, and make such rulings as are contemplated by this Settlement.

2.15.  "Florida Western Sky Loans" means loans originated by Western Sky Financial, LLC to individuals identified as Florida residents in Western Sky loan agreements dated on or after February 11, 2011.

2.16.  "Fund" means the total sum of $14,417,810 to be paid by Defendants in connection with this Settlement.

2.17.  "Judgment" means the final judgment and order of dismissal of this Action with prejudice to be entered by the District Court.

2.18.  "Mediator" means former U.S. District Judge Layn R. Phillips, of Phillips ADR Enterprises, or any other mediator mutually agreed upon by the Parties.

2.19.  "Named Plaintiffs" means Johnny Fretwell, Lauren Brown, Thomas Peterson, Virginia Fry, and Nels Pate, Jr.

2.20.  "NCOA" means the National Change of Address system to provide updated address information that works directly with the United States Postal Service.

2.21.  "Outstanding Loan" means those loans that are owned by CashCall and have not been paid-off by a Settlement Class Member as of the Effective Date.

2.22.  "Parties" means Defendants, Named Plaintiffs, and the Settlement Class.

5

2.23.   "Plaintiffs" means the Named Plaintiffs individually and as representatives of the Settlement Class.

2.24.   "Preliminary Approval Order" means an order to be entered by the District Court, as provided for in Section 7.1 below, substantially in the form attached hereto as Exhibit A.

2.25.   "Released Claims" means the claims released by this Settlement as set forth in Section IV.

2.26.   "Released Parties" means CashCall, Inc., John Paul Reddam, Western Sky Financial, LLC, Martin A. Webb, WS Funding, LLC, and Delbert Services Corporation, as well as their agents, servants, employees, officers, members, directors, affiliates, subsidiaries, representatives, attorneys, successors, and heirs, and any other person acting under their direction and control, including through any corporation, trust, or other device.

2.27.   "Residual Balance Loan" means any Florida Western Sky Loan to a Settlement Class Member for which, as of the date of the Preliminary Approval Order, the loan is paid in full or total payments to Defendants exceed what would have been due had such loan been originated at an 18% interest rate.

2.28.   "Settlement" means this Stipulation and Agreement of Settlement.

2.29.   "Settlement Class" and "Settlement Class Member" mean, include, and refer to Named Plaintiffs and any other person and/or entity that falls within the definition of the Settlement Class, as defined in Section 3.2 below.

### III.   <u>TERMS OF THE SETTLEMENT</u>

3.1. <u>Class Certification.</u> Defendants deny that a litigation class or subclasses should have been certified by the District Court on the claims asserted in the Action. However, solely for purposes of this Settlement, Defendants do not oppose the District Court's certification of the

Settlement Class defined in Section 3.2, but such agreement should not be deemed as a concession that certification of a class is appropriate. No agreements made by Defendants in connection with this Settlement may be used by Plaintiffs, any Settlement Class Member, or any other person, to establish any of the elements of class certification in this or any other proceeding. Defendants are not estopped from challenging class certification in further or other proceedings if this Settlement is not finally approved.

3.2. <u>Definition of the Settlement Class.</u> Class Counsel will seek preliminary approval of the Settlement on behalf of the following class and subclasses that were certified by the District Court on September 19, 2016:

> All individuals identified as Florida residents in Western Sky loan agreements dated on or after February 11, 2011.
>
> **FDUTPA Subclass:** All individuals identified as Florida residents in Western Sky loan agreements dated on or after June 30, 2011.
>
> **Usury Subclass 1:** All individuals identified as Florida residents in Western Sky loan agreements who made payments on their loans on or after June 30, 2013.
>
> **Usury Subclass 2:** All individuals identified as Florida residents in Western Sky loan agreements who made payments on their loans on or after February 11, 2013.

Based on a review of its records, Defendants estimate that under this definition, the Settlement Class consists of approximately 29,631 Settlement Class Members. All Settlement Class Members shall have the right to exclude themselves by way of the opt-out procedure set forth in Section 7.3 of this Settlement and the Preliminary Approval Order.

3.3. <u>Identification of the Settlement Class and Eligibility for Cash Award.</u> Settlement Class Members will be identified by Defendants based on records that they maintain, including the name, account number, and most recent address for each member of the Settlement Class.

Defendants will identify any Residual Balance Loans based on records that they maintain. Class Counsel will be permitted to review the list of Settlement Class Members and the criteria used by Defendants to identify Settlement Class Members and raise reasonable objections.

    3.4. <u>Settlement Considerations.</u> Pursuant to this Settlement, as full and complete consideration for the Released Claims, Defendants will implement the relief set forth in Section 3.4(1) and pay the Fund described in Section 3.4(2); provided, however, that insofar as Defendants have complied with the injunctive relief set forth in any Stipulated Final Judgment and Order that is entered in the 13th Judicial Circuit, Hillsborough County, Florida, in case number 13-CA-15462 Div. B prior to the Effective Date of this Settlement, or before any action described in Section 3.4(1) of this Settlement is required to be performed, Defendants shall be deemed to have complied with the relief required by Section 3.4(1) of this Settlement. In such case, Defendants shall provide Plaintiffs with written confirmation of compliance with the injunctive relief set forth in any Stipulated Final Judgment and Order that is entered in the 13th Judicial Circuit, Hillsborough County, Florida, in case number 13-CA-15462 Div. B.

    1. <u>Prospective Relief.</u>

        a.    <u>No Attempt to Enforce Outstanding Loans.</u> As of the Effective Date, Defendants will immediately and permanently cease and desist servicing and collection activities on any Outstanding Loan belonging to Settlement Class Members. Defendants directly or indirectly or through any other entity, shall not enforce, collect, sell or otherwise transfer or attempt to enforce, collect, sell or otherwise transfer any Covered Loan that they currently own, and Defendants do not contest that the amounts allegedly owed by Florida Borrowers are in dispute. Within thirty (30) days of the

Effective Date of this Settlement, Defendants will notify relevant Settlement Class Members that Defendants shall not enforce, collect, sell or otherwise transfer or attempt to enforce, collect, sell or otherwise transfer any Covered Loan, and Defendants do not contest that the amounts allegedly owed by consumers are in dispute.

b.    <u>List of Third Party Loans.</u> Within thirty (30) days of the Effective Date, Defendants shall provide Class Counsel with a list of Florida Western Sky Loans sold to third parties and the name and address of the third party to which each such loan was sold, to the extent available. Within ninety (90) days of the Effective Date, Defendants will provide notice to the third parties to which they sold any Florida Western Sky Loans that such loans should be deemed canceled and that the amounts allegedly owed by consumers are in dispute.

c.    <u>Credit History Adjustment Request.</u> Within ninety (90) days after the Effective Date, Defendants will contact applicable credit bureaus to request that any credit reporting by Released Parties regarding Florida Western Sky Loans be removed.

d.    <u>Additional Injunctive Relief.</u> As of the Effective Date, Defendants, directly or indirectly or through any other entity, shall be permanently enjoined and prohibited from engaging in the following acts or practices:

(i)     Offering, soliciting, making, originating, funding, or financing any loan from within the State or Florida or into the State of Florida;

      (ii)     Servicing or collecting on any loan within the State of Florida or into the State of Florida;

      (iii)    Selling, transferring, or assigning any Florida Western Sky Loans to any third party; and

      (iv)    Selling, transferring, assigning, or leasing, in any manner, any information or data related to Settlement Class Members to any third party, including any lender, lead generator, or marketer, or otherwise using such consumer information, except as permitted to meet the obligations of the Settlement.

2. <u>Monetary Consideration.</u> In addition to the changes set forth in Section 3.4(1), Defendants will pay the Fund.

      a.     <u>Distribution.</u> The Fund shall be distributed as follows:

      (i)     <u>First,</u> to pay the costs of class notice and settlement administration, Class Counsel's attorneys' fees and litigation costs, as well as Named Plaintiffs' service awards, all as approved by the District Court; and

      (ii)     <u>Second,</u> to pay Cash Awards, apportioned *pro rata* to Settlement Class Members. After deduction of the amounts in a(i) above, Class Counsel intends that a minimum of $10,042,000 shall be available for Cash Awards payable to the borrowers whose total payments exceed what would have been due if the loan originally had an 18% interest rate.

(iii)  In no event shall Defendants be required to pay any more than the amount of the Fund as monetary consideration to the Settlement Class or to pay notice and administration costs or expenses, Class Counsel's attorneys' fees and/or litigation costs, or Named Plaintiff service awards.

b.  <u>Payments into the Fund.</u> Subject to approval by the District Court, the Fund shall be held in the Escrow Account. Monies will be placed into the Fund, subject to the District Court's oversight, by wire payment in two equal installments, as follows:

(i)  The first installment shall be paid within ten (10) days after the Effective Date of this Settlement.

(ii)  The second installment shall be paid within seventy (70) days after the Effective Date of this Settlement.

(iii)  Within five (5) days after the Effective Date of this Settlement, Mr. Reddam shall execute a personal guaranty with respect to the payments into the Fund. There shall be no reverter of any monies paid into the Fund. Defendants shall be jointly and severally liable for payments into the Fund.

c.  <u>Payment of Cash Awards.</u> The *pro rata* payment of Cash Awards shall be distributed to eligible Settlement Class Members with Residual Balance Loans, pursuant to a plan of allocation determined by Class Counsel, consented to by Defendants, and as approved by the District Court. Defendants agree not to unreasonably withhold consent to any such plan

11

of allocation, except that eligible Settlement Class Members shall not be required to submit a claim form to obtain a Cash Award. Cash Awards shall be paid within one hundred (100) days after the Effective Date by check mailed to the Settlement Class Member at the most recent address shown in Defendants' electronic records or to any later forwarding address provided by the Settlement Class Member to the Administrator. If checks are not cashed within four (4) months of the check issue date, such checks will become void and will not be re-issued.

d.   Quarterly Reports Regarding Distribution Of Settlement Fund. The Administrator will provide quarterly reports to Class Counsel and counsel for Defendants on the distribution of the Fund until such time as the Fund is fully paid to eligible recipients and depleted or distributed as set forth in this Section 3.4 and Section 5.3(d), *infra*.

e.   Credit for Advances on Behalf of the Settlement Fund. Advances by Defendants of any notice and administration costs or expenses paid directly to the Administrator prior to ten (10) days after the Effective Date are to be treated as contributions to the Fund as set forth above in Section 3.4(2)(a) and shall be credited in their entirety (100%) towards Defendants' obligation to pay the Fund as set forth in this Section 3.4(2).

3.5. Named Plaintiffs' Service Payments: Plaintiffs will apply to the District Court for Named Plaintiff service payments in the total amount of no more than $10,000 to each of the Named Plaintiffs, for a cumulative maximum total of $50,000. Defendants will not oppose such

motion. The Named Plaintiff service payments will be paid from the Fund in an amount approved by the District Court.

3.6. <u>Attorneys' Fees and Costs:</u> Plaintiffs will apply to the District Court at least thirty (30) days prior to the deadline for filing objections to this Settlement for an award of attorneys' fees and reimbursement of litigation costs. Such attorneys' fees and litigation costs will be paid from the Fund in an amount approved by the District Court.

## IV.   <u>RELEASE AND DISMISSAL</u>

4.1. <u>Release.</u> As of the Effective Date of this Settlement, Plaintiffs and each member of the Settlement Class, shall be deemed to have fully, finally and forever released and discharged the Released Parties from any and all claims, grievances, suits, and causes of action, relating to the conduct alleged by the Plaintiffs in their Fifth Amended Complaint, whether arising in contract, tort, statute, or any other theory of action, whether arising in law or equity, whether known or unknown, choate or inchoate, matured or un-matured, contingent or fixed, liquidated or unliquidated, accrued or unaccrued, asserted or un-asserted, based upon any fact, whether known or unknown, that happened prior to the Effective Date, all, collectively, the "Released Claims." Without limiting the foregoing, the Released Claims specifically extend to claims that Settlement Class Members do not know or suspect to exist in their favor at the time that the Settlement, and the releases contained therein, becomes effective.

This paragraph constitutes a waiver of Section 1542 of the California Civil Code and any similar or comparable provisions, rights, and benefits conferred by the law of any state or territory of the United States or any jurisdiction, and any principle of common law, which provide:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS
> WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO
> EXIST IN HIS OR HER FAVOR AT THE TIME OF
> EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR

HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Plaintiffs and each Settlement Class Member understand and acknowledge the significance of these waivers of California Civil Code Section 1542 and/or of any other applicable law relating to limitations on releases. In connection with such waivers and relinquishment, Plaintiffs and each Settlement Class Member acknowledge that they are aware that they may hereafter discover facts in addition to, or different from, those facts which they now know or believe to be true with respect to the subject matter of the Settlement, but that they release fully, finally and forever all Released Claims, and in furtherance of such intention, the release will remain in effect notwithstanding the discovery or existence of any such additional or different facts.

4.2. <u>Scope of Release.</u> The Release in Section 4.1 shall apply to Named Plaintiffs and all Settlement Class Members as of the Effective Date of this Settlement. Any Settlement Class Members who do not wish to be subject to this Release shall have the right to exclude themselves by way of the general opt-out procedures set forth in Section 7.3 of this Settlement and the Preliminary Approval Order.

4.3. <u>Covenant Not to Sue.</u> Plaintiffs and each Settlement Class Member who does not opt out by way of the general opt-out procedures set forth in Section 7.3 of this Settlement, agree and covenant not to sue any Released Party with respect to any of the Released Claims, and agree to be forever barred from doing so, in any court of law or equity, or any other forum. However, nothing herein is intended to restrict any Settlement Class Member from contacting, assisting, or cooperating with any government agency.

4.4. <u>Dismissal.</u> Upon entry of the Final Approval Order, the Parties shall take all actions necessary to cause entry of Judgment.

## V.     NOTICE AND SETTLEMENT ADMINISTRATION

5.1. Independent Administrator. Subject to approval by the District Court, the Settlement notice and distribution process will be administered by the Administrator. Defendants will reasonably cooperate in the notice and administration process by providing the Administrator, on a confidential basis, with access to the names, mailing addresses, and email addresses for persons in the Settlement Class (as reflected in reasonably available computerized account records of the Defendants) to the extent required to administer the Settlement.

5.2. Costs of Notice and Administration. The costs of notice and administration shall be paid from the Fund.

5.3. Class Notice. Direct Mail Notice consistent with the due process requirements of Fed. R. Civ. P. 23 shall be provided within thirty (30) days following entry of the Preliminary Approval Order, as follows:

> a.     Direct Mail Notice, substantially in the form attached hereto as Exhibit B that is approved by the District Court, will be mailed, via first class mail and electronic mail, to Settlement Class Members within thirty (30) days after the date of entry of the Preliminary Approval Order at the most recent address shown in Defendants' electronic records, as maintained in the ordinary course of business, for the loan at issue. Mailing addresses will be run once through the NCOA system, or any other postal address verification database that the Administrator deems proper, prior to mailing. Returned notices will be re-mailed if they are returned with a postmark date within twenty (20) days of the postmark date of the Direct Mail Notice and contain a forwarding address. Defendants shall have no

15

responsibility with respect to Direct Mail Notices that are returned undeliverable.

b.    The Administrator will establish and maintain an Internet site, www.FloridaCashCallClassSettlement.com, on which will be posted the Direct Mail Notice and a long-form notice, as well as the complaint in this Action, this Settlement, any motions and memoranda seeking approval of this Settlement, approval of attorneys' fees and costs, or approval of Named Plaintiffs' service payments, and any orders of the District Court relating to this Settlement. The long-form notice is attached to this Settlement as Exhibit C. The Direct Mail Notice shall direct recipients to the location of the Internet site. The website shall become active within five (5) days after the District Court's entry of the Preliminary Approval Order and shall remain active until at least the date of the Final Fairness Hearing. Class Counsel and Defendants shall have the right to audit the work of the Administrator at any time.

c.    Settlement Class Members shall receive a Cash Award on a *pro rata* basis for each extension of credit that is a Residual Balance Loan. Settlement Class Members shall not be required to submit a claim form to obtain a Cash Award.

d.    If any residual funds remain in the Fund after distribution according to Section 3.4(2), because eligible Settlement Class Members with Residual Balance Loans do not timely negotiate their settlement checks or because the Fund is not otherwise fully expended at the time the last check

16

becomes void, then such residual funds shall be distributed to one or more charities determined by Class Counsel, subject to approval by Defendants, which approval shall not be unreasonably withheld, and as approved by the District Court pursuant to the *cy pres* doctrine.

e.   The Administrator shall administer compliance with the notice provisions of the Class Action Fairness Act ("CAFA") at the Defendants' direction, and approval dates will be set in accord with CAFA.

5.4. <u>Certification to the District Court.</u> No later than five (5) days before the Final Fairness Hearing, the Administrator and/or its designees shall file a declaration with the District Court verifying that Direct Mail Notice has been provided to the Settlement Class in accordance with this Settlement and the District Court's Preliminary Approval Order.

## VI.      DISPUTE RESOLUTION

6.1. <u>Dispute Resolution.</u> The Parties agree to meet and confer in good faith in regard to any dispute relating to this Settlement or to administration of this Settlement. Any dispute that cannot be resolved by the Parties shall be submitted, not earlier than thirty (30) days after written notice of the dispute was first given, to the Mediator for his written recommendation as to a resolution. In the event any Party disagrees with the written recommendation, the Party must file a motion in the Action to address the issue within ten (10) days of receiving the recommendation.

## VII.   PRELIMINARY APPROVAL ORDER AND FINAL FAIRNESS HEARING

7.1. <u>Preliminary Approval Order.</u> Class Counsel will seek the District Court's approval of this Settlement by filing an appropriate Motion for Preliminary Approval and seeking entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A. The

Parties shall cooperate in presenting such papers to the District Court by December 23, 2016. In the event the Parties are not able in good faith to meet this deadline, the Parties will jointly move in the Action for an extension of that deadline by the District Court.

7.2. <u>Denial of Preliminary Approval Order.</u> This Settlement shall terminate and be of no further force or effect without any further action by the Parties if (i) the District Court determines not to enter the Preliminary Approval Order substantially in the form attached hereto as Exhibit A; and (ii) the Parties do not agree to changes required by the District Court for entry of the Preliminary Approval Order or are unable or do not agree to obtain reconsideration and reversal or appellate review and reversal of any adverse decision by the District Court. In such an event, nothing in this Settlement or filed in connection with seeking entry of the Preliminary Approval Order shall be construed as an admission or concession by Defendants of any of the allegations raised in the Action or an admission or concession of any fault, wrongdoing, or liability of any kind, nor are Defendants estopped from challenging any of the allegations in further proceedings in the Action or in any other action.

7.3. <u>Opt-Out/Requests for Exclusion From Settlement.</u>

     a.   <u>Requests for Exclusion.</u> Prospective Settlement Class Members shall be given the opportunity to opt out of the Settlement Class. All requests by Settlement Class Members to be excluded must be in writing and mailed to the Administrator, postmarked no later than ninety (90) days after entry of the Preliminary Approval Order. An appropriate written request for exclusion must be personally signed by the Settlement Class Member and must include: (i) the Settlement Class Member's name, address, telephone number; (ii) the account number(s) of the Settlement Class Member's

extension of credit; (iii) an affirmation that he or she is a Settlement Class Member; and (iv) the following statement: "I request to be excluded from the class settlement in this case." No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class.

b.    <u>Delivery to Parties/Filing With District Court.</u> The Administrator shall provide copies of the original requests for exclusion to the Parties by no later than fifteen (15) days after the opt-out deadline. Not later than ten (10) days before the Final Fairness Hearing, the Administrator shall file with the District Court a declaration that lists all of the opt-outs received.

c.    <u>Effect.</u> All prospective Settlement Class Members who timely exclude themselves from the Settlement Class will not be eligible to receive any consideration pursuant to this Settlement and will not be bound by any further orders or judgments in the Action with respect to damages, and will preserve their ability to independently pursue any individual claims for damages they may have against Defendants. In the event of ambiguity as to whether a Settlement Class Member has requested to be excluded, the Settlement Class Member shall be deemed not to have requested exclusion.

7.4. <u>Objections to Settlement.</u>

a.    <u>Right to Object.</u> Any Settlement Class Member who has not previously opted out as provided in Section 7.3 may appear at the Final Fairness

Hearing to argue that the proposed settlement should not be approved, to oppose the application of Class Counsel for an award of attorneys' fees and costs, and/or to oppose the service awards to Named Plaintiffs. Any Settlement Class Member who wishes to object to the Settlement must file a written objection with the District Court no later than the date specified by subsection b of this section. Settlement Class Members who fail to timely file and serve written objections shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to this Settlement.

b.  Deadline. Any such objection must be submitted by mail to the District Court in a writing postmarked no later than ninety (90) days after entry of the Preliminary Approval Order. Copies of all objections also must be mailed to each of the following, postmarked by the last day to file the objection: Class Counsel: Janet Varnell, Varnell & Warwick, P.A., P.O. Box 1870, Lady Lake, Florida, 32158, and Mona L. Wallace, Wallace & Graham, P.A., 525 N. Main Street, Salisbury, North Carolina 28144; and counsel for Defendants: Joseph L. Barloon, Skadden, Arps, Slate, Meagher & Flom LLP, 1440 New York Avenue, N.W., Washington, DC 20005, and Christopher S. Carver, Akerman LLP, 350 East Las Olas Boulevard, Suite 1600, Ft. Lauderdale, Florida, 33301.

c.  Content of Objections. All objections must include: (i) the objector's name, address and telephone number; (ii) the account number of the extensions of credit; (iii) a sentence confirming that he or she is a

Settlement Class Member; (iv) the factual basis and legal grounds for the objection to the settlement; (v) the identity of witnesses whom the objector may call to testify at the Final Fairness Hearing; (vi) copies of exhibits the objector intends to offer into evidence at the Final Fairness Hearing; and (vii) a list of any prior cases in which the objector has objected to a class settlement. The objection must be signed by the objecting Settlement Class Member under penalty of perjury. Counsel representing an objecting Settlement Class Member must enter an appearance in this Action.

d.     The right to object to the Settlement must be exercised individually by a Settlement Class Member or through his or her attorney, and not as a member of a group, class or subclass.

## VIII.   FINAL APPROVAL OF SETTLEMENT AND OTHER CONDITIONS

8.1. <u>Final Approval Order.</u> On a date to be set by the District Court, Plaintiffs will petition the District Court to enter the Final Approval Order and Judgment in this Action. The Final Approval Order that the Parties propose to the District Court will provide:

a.     That the Direct Mail Notice satisfies the requirements of due process, the Federal Rules of Civil Procedure and any other applicable laws;

b.     That the Settlement is fair, reasonable and adequate to the Settlement Class and that each Settlement Class Member shall be bound by the Settlement, including the releases contained in Section IV above;

c.     That the Settlement represents a fair resolution of all claims asserted on behalf of the Settlement Class and fully and finally resolves all such claims;

21

d.      That this Settlement should be, and is, approved;

e.      The amount of attorneys' fees, costs, and Named Plaintiff service awards;

f.      Confirmation of the opt outs from the Settlement;

g.      Overruling of objections, if any;

h.      Dismissal, on the merits and with prejudice, of all claims and an injunction prohibiting all Settlement Class Members or their representatives or privies from bringing, joining, or continuing to prosecute against the Released Parties any Released Claims and entering judgment thereon; and

i.      Retention of jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation, and enforcement of this Settlement.

## IX.      TERMINATION OF SETTLEMENT

9.1. Non-Approval of Settlement. This Settlement shall terminate and be of no further force or effect without any further action by the Parties if (i) the District Court determines not to enter the Final Approval Order or determines not to enter Judgment; and (ii) the Parties do not agree to any changes to this Settlement required by the District Court for entry of the Final Approval Order and Judgment or are unable or do not agree to obtain reconsideration and reversal or appellate review and reversal of any adverse decision by the District Court. Moreover, the Parties shall be deemed to have preserved all of their rights or defenses as of the date that the Plaintiffs initiated the Action and shall not be deemed to have waived any substantive or procedural rights of any kind that they may have as to each other or any member of the Settlement Class. Likewise, in the event that this Settlement is approved without material modification by the District Court, but is later reversed or vacated on appeal, each of the Parties shall have the right to

22

withdraw from this Settlement and return to the *status quo ante* as of the date that the Plaintiffs initiated the Action for all litigation purposes, as if no agreement had been negotiated or entered into, and shall not be deemed to have waived any substantive or procedural rights of any kind that they may have as to each other or any member of the Settlement Class.

## X.     MISCELLANEOUS PROVISIONS

10.1. Further Assurance. Each of the Parties shall execute all documents and perform all acts necessary and proper to effectuate the terms of this Settlement.

10.2. No Admission of Liability. It is expressly recognized and accepted by the Plaintiffs that the Released Parties deny any liability and are settling solely to avoid the cost and inconvenience of litigation.

10.3. Evidentiary Preclusion. Neither this Settlement, nor any act performed or document executed pursuant to or in furtherance of the Settlement: (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any claim, or of any wrongdoing or liability of the Released Parties; or (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of the Released Parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal. In addition, except for purposes of demonstrating the validity of this Settlement or its terms, neither the fact of, nor any documents relating to, any Defendant's withdrawal from the Settlement, any failure of the District Court to approve the Settlement, and/or any objections or interventions may be used as evidence for any purpose whatsoever. The Released Parties may file this Settlement and/or the Judgment in any action or proceeding that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, release,

good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

10.4.   <u>Publicity and Non-Disparagement.</u> Within 15 days after submission of this Settlement to the District Court for preliminary approval, the Parties shall work in good faith to develop a joint agreed statement regarding the settlement which may be made publicly available and develop joint agreed responses to likely questions from Settlement Class Members, as well as to provide informational materials to be used by the Administrator. Insofar as any of the Parties or their representatives, including counsel, issue press releases or communicate with the media, the public, or other third parties regarding this Settlement other than through the joint agreed statement or the joint agreed responses, such communications shall not conflict with the joint agreed statement or responses or contradict anything contained in the joint agreed statement or responses. Class Counsel may respond to direct communications from Settlement Class Members regarding the settlement and nothing herein is intended to prevent Class Counsel from providing full and fair advice and counsel to Settlement Class Members.

10.5.   <u>Entire Agreement.</u> This Settlement constitutes the entire agreement between and among the Parties with respect to the settlement of the Action. This Settlement supersedes all prior negotiations and agreements. The Parties, and each of them, represent and warrant that no other party or any agent or attorney of any of the Parties has made any promise, representation, or warranty whatsoever not contained in this Settlement and the other documents referred to in this Settlement to induce them to execute the same. The Parties, and each of them, represent and warrant that they have not executed this Settlement or the other documents referred to in this

Settlement in reliance on any promise, representation, or warranty not contained in this Settlement and the other documents referred to in this Settlement.

10.6.   _Confidentiality._ Subject to order of the District Court, any and all drafts of this Settlement and other settlement documents relating to the negotiations between the Parties will remain confidential and will not be disclosed or duplicated except as necessary to obtain preliminary and/or final court approval. This provision will not prohibit the Parties from submitting this Settlement to the District Court in order to obtain preliminary and/or final approval of the settlement. Furthermore, subject to order of the District Court, any and all discovery materials in this case shall remain confidential and shall not be disclosed or duplicated.

10.7.   _Successors and Assigns._ This Settlement shall be binding upon, and inure to the benefit of, the heirs, successors, and assigns of the Parties.

10.8.   _Competency of Parties._ The Parties, and each of them, acknowledge, warrant, represent, and agree that in executing and delivering this Settlement, they do so freely, knowingly, and voluntarily, that they had an opportunity to and did discuss its terms and their implications with legal counsel of their choice, that they are fully aware of the contents and effect of this Settlement, and that such execution and delivery is not the result of any fraud, duress, mistake, or undue influence whatsoever.

10.9. _Authority._ The persons signing this Settlement on behalf of Defendants warrant and represent that they are authorized to sign on the respective Defendant's behalf. Each of the Plaintiffs has personally signed this Settlement.

10.10. _Modification._ No modification of or amendment to this Settlement shall be valid unless it is in writing and signed by all Parties hereto or agreed to on the record in the District Court.

10.11. Construction. Each of the Parties has cooperated in the drafting and preparation of this Settlement. Hence, in any construction to be made of this Settlement, the Settlement shall not be construed against any of the Parties. Before declaring any provision of this Settlement invalid, the District Court shall first attempt to construe the provision valid to the fullest extent possible consistent with applicable precedent so as to find all provisions of this Settlement valid and enforceable. After applying this rule of construction and still finding a provision invalid, the District Court shall thereupon interpret the invalid provision to the fullest extent possible to otherwise enforce the invalid provision. The invalidity of any one provision shall not render this Settlement otherwise invalid and unenforceable unless the provision found to be invalid materially affects the terms of this Settlement after application of the rules of construction set forth in this paragraph.

10.12. No Waiver. The failure of any of the Parties to enforce at any time any provision of this Settlement shall not be construed to be a waiver of such provision, or any other provision, nor in any way to affect the validity of this Settlement or any part hereof, or the right of any of the Parties thereafter to enforce that provision or each and every other provision. No waiver of any breach of this Settlement shall constitute or be deemed a waiver of any other breach.

10.13. Governing Law. This Settlement shall be governed by, construed, and enforced in accordance with the laws of the State of Florida.

10.14. Notices/Communications. All requests, demands, claims, and other communications hereunder shall: (a) be in writing; (b) be delivered by U.S. Mail and email; (c) be deemed to have been duly given on the date received; and (d) be addressed to the intended recipient as set forth below:

If to Plaintiffs or the Settlement Class:
Janet Varnell, Esq.

Varnell & Warwick, P.A.
P.O. Box 1870
Lady Lake, FL 32158
jvarnell@varnellandwarwick.com

Mona L. Wallace, Esq.
Wallace & Graham, P.A.
525 N. Main Street
Salisbury, NC 28144
mwallace@wallacegraham.com

If to Defendants:
Joseph L. Barloon, Esq.
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005
jbarloon@skadden.com

Christopher S. Carver, Esq.
Akerman LLP
350 East Las Olas Boulevard
Suite 1600
Ft. Lauderdale, FL 33301
christopher.carver@akerman.com

Each of the Parties may change the address to which requests, demands, claims, or other communications hereunder are to be delivered by giving the other Parties notice in the manner set forth herein.

10.15. Counterparts. This Settlement may be executed in one or more counterparts and, if so executed, the various counterparts shall be and constitute one instrument for all purposes and shall be binding on each of the Parties that executed it, provided, however, that none of the Parties shall be bound unless and until all Parties have executed this Settlement. For convenience, the several signature pages may be collected and annexed to one or more documents to form a complete counterpart. Photocopies of executed copies of this Settlement may be treated as originals.

10.16. <u>Cooperation.</u> The Parties, and their respective counsel, agree to cooperate with each other and do all things reasonably necessary to obtain preliminary approval of the Settlement; to obtain final approval of the Settlement; to protect and support the Settlement if an appeal is taken or any other form of judicial review is sought; and to otherwise ensure that a fully effective final approval on the Settlement occurs.

Agreed and accepted:

     Dated:     December __23__, 2016     _____
                                                  Johnny Fretwell

     Dated:     December ____, 2016     _____
                                                  Lauren Brown

     Dated:     December ____, 2016     _____
                                                  Thomas Peterson

     Dated:     December ____, 2016     _____
                                                  Virginia Fry

     Dated:     December ____, 2016     _____
                                                  Nels Pate, Jr.

Approved as to form and content:

     Dated:     December ____, 2016     VARNELL & WARWICK, P.A.

                                                  By_____
                                                      Janet Varnell

                                                Attorney for Plaintiffs

Approved as to form and content:

     Dated:     December ____, 2016     WALLACE & GRAHAM, P.A.

                                                  By_____
                                                      Mona L. Wallace

                                                Attorney for Plaintiffs

<u>Agreed and accepted:</u>

Dated:        December _____, 2016        _____
                                          Johnny Fretwell

Dated:        December _22_, 2016         _____
                                          Lauren Brown

Dated:        December _____, 2016        _____
                                          Thomas Peterson

Dated:        December _____, 2016        _____
                                          Virginia Fry

Dated:        December _____, 2016        _____
                                          Nels Pate, Jr.

<u>Approved as to form and content:</u>

Dated:        December _____, 2016        VARNELL & WARWICK, P.A.

                                          By_____
                                              Janet Varnell

                                              Attorney for Plaintiffs

<u>Approved as to form and content:</u>

Dated:        December _____, 2016        WALLACE & GRAHAM, P.A.

                                          By_____
                                              Mona L. Wallace

                                              Attorney for Plaintiffs

<u>Agreed and accepted:</u>

Dated:       December _____, 2016          _____
                                           Johnny Fretwell


Dated:       December _____, 2016          _____
                                           Lauren Brown


Dated:       December **22**, 2016          _____
                                           Thomas Peterson


Dated:       December _____, 2016          _____
                                           Virginia Fry


Dated:       December _____, 2016          _____
                                           Nels Pate, Jr.


<u>Approved as to form and content:</u>

Dated:       December _____, 2016          VARNELL & WARWICK, P.A.

                                           By_____
                                                 Janet Varnell

                                           Attorney for Plaintiffs


<u>Approved as to form and content:</u>

Dated:       December _____, 2016          WALLACE & GRAHAM, P.A.

                                           By_____
                                                 Mona L. Wallace

                                           Attorney for Plaintiffs

Agreed and accepted:

Dated:     December _____, 2016

_____
Johnny Fretwell

Dated:     December _____, 2016

_____
Lauren Brown

Dated:     December _____, 2016

_____
Thomas Peterson

Dated:     December 22, 2016

_____
Virginia Fry

Dated:     December _____, 2016

_____
Nels Pate, Jr.

Approved as to form and content:

Dated:     December _____, 2016

VARNELL & WARWICK, P.A.

By_____
        Janet Varnell

        Attorney for Plaintiffs

Approved as to form and content:

Dated:     December _____, 2016

WALLACE & GRAHAM, P.A.

By_____
        Mona L. Wallace

        Attorney for Plaintiffs

Agreed and accepted:

Dated:  December _____, 2016

_____
Johnny Fretwell

Dated:  December _____, 2016

_____
Lauren Brown

Dated:  December _____, 2016

_____
Thomas Peterson

Dated:  December _____, 2016

_____
Virginia Fry

Dated:  December __23__, 2016

_____
Nels Pate, Jr.

Approved as to form and content:

Dated:  December _____, 2016

VARNELL & WARWICK, P.A.

By_____
  Janet Varnell

  Attorney for Plaintiffs

Approved as to form and content:

Dated:  December _____, 2016

WALLACE & GRAHAM, P.A.

By_____
  Mona L. Wallace

  Attorney for Plaintiffs

<u>Agreed and accepted:</u>

      Dated:      December _____, 2016

                                    _____
                                      Johnny Fretwell

      Dated:      December _____, 2016

                                      _____
                                      Lauren Brown

      Dated:      December _____, 2016

                                      _____
                                      Thomas Peterson

      Dated:      December _____, 2016

                                      _____
                                      Virginia Fry

      Dated:      December _____, 2016

                                      _____
                                      Nels Pate, Jr.

<u>Approved as to form and content:</u>

      Dated:      December _23_, 2016

                                    VARNELL & WARWICK, P.A.

                                    By _____
                                        Janet Varnell

                                      Attorney for Plaintiffs

<u>Approved as to form and content:</u>

      Dated:      December _____, 2016

                                      WALLACE & GRAHAM, P.A.

                                    By _____
                                        Mona L. Wallace

                                      Attorney for Plaintiffs

Agreed and accepted:

Dated:       December _____, 2016

_____
Johnny Fretwell

Dated:       December _____, 2016

_____
Lauren Brown

Dated:       December _____, 2016

_____
Thomas Peterson

Dated:       December _____, 2016

_____
Virginia Fry

Dated:       December _____, 2016

_____
Nels Pate, Jr.

Approved as to form and content:

Dated:       December _____, 2016

VARNELL & WARWICK, P.A.

By_____
       Janet Varnell

       Attorney for Plaintiffs

Approved as to form and content:

Dated:       December _____, 2016

WALLACE & GRAHAM, P.A.

By _Mona L. Wallace_
       Mona L. Wallace _kns w/ express permission_

       Attorney for Plaintiffs

Approved as to form and content:

    Dated:      December **23**, 2016

    SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

    By _____
        Thomas J. Nolan
        Joseph L. Barloon

    Attorneys for Defendants

Approved as to form and content:

    Dated:      December _____, 2016

    AKERMAN LLP

    By_____
        Christopher S. Carver

    Attorney for Defendants

Approved as to form and content:

    Dated:       December _____, 2016          SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP

By_____
      Thomas J. Nolan
      Joseph L. Barloon

      Attorneys for Defendants

Approved as to form and content:

    Dated:       December _____, 2016          AKERMAN LLP

By _____
      Christopher S. Carver

      Attorney for Defendants

# **<u>EXHIBIT A</u>**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**CASE NO. 13-60066-CIV-COHN-SELTZER**

ABRAHAM INETIANBOR, JOHNNY
FRETWELL, LAUREN BROWN, THOMAS
PETERSON, VIRGINIA FRY, AND NELS
PATE, JR., on behalf of himself and a class of
persons similarly situated,

      Plaintiffs,

vs.

CASHCALL, INC. and JOHN PAUL
REDDAM,

      Defendants.

_____/

**ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT, CERTIFYING**
**SETTLEMENT CLASS, DIRECTING NOTICE TO CLASS MEMBERS, AND**
**SETTING HEARING ON FINAL APPROVAL OF SETTLEMENT**

      THIS CAUSE is before the Court upon the Stipulation and Agreement of Settlement [DE

__] ("Agreement") and Motion for Preliminary Approval of Proposed Class Action Settlement

[DE __] ("Motion").  The Court has carefully reviewed these filings and the entire record of this

case and is otherwise fully advised in the premises.

      Plaintiffs, Johnny Fretwell, Lauren Brown, Thomas Peterson, Virginia Fry and Nels Pate,

Jr. (collectively, "Plaintiffs"), and Defendants CashCall, Inc. ("CashCall") and John Paul

Reddam ("Mr. Reddam") (collectively, "Defendants" and, together with Plaintiffs, "the Parties"),

have entered into the Agreement, which along with a separate individual settlement agreement

entered into by Plaintiff Abraham Inetianbor, would settle all claims made in this action.

1

The Parties have moved, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order preliminarily approving the Settlement in accordance with the terms of the Agreement and providing for notice to the class.

The Court has read and considered the Agreement[1] and Exhibits thereto, including the proposed Direct Mail Notice form for relevant Class Members (Agreement Exhibit B) and the Long-Form Notice (Agreement Exhibit C), and finds that substantial and sufficient grounds exist for entering this Order.

Accordingly, it is hereby ORDERED AND ADJUDGED as follows:

1.      The Motion for Preliminary Approval of Proposed Class Action Settlement [DE __] is GRANTED.

2.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this litigation is preliminarily certified as a class action on behalf of all individuals identified as Florida residents in Western Sky loan agreements dated on or after February 11, 2011.

3.      The Court finds, preliminarily and for purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that (a) the number of Settlement Class Members is so numerous that joinder of all members of the class is impracticable, (b) there are questions of law and fact common to each member of the class, (c) the claims of the Named Plaintiffs are typical of the claims of the class they seek to represent, (d) Named Plaintiffs will fairly and adequately represent the interests of the class, (e) the questions of law and fact common to the members of the class predominate over any questions affecting only individual members of the class, and (f)

---

[1] Except as otherwise specified, this Order adopts the capitalized terms defined in the Agreement.

2

a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of the Settlement only, Named Plaintiffs Johnny Fretwell, Lauren Brown, Thomas Peterson, Virginia Fry and Nels Pate are certified as the class representatives on behalf of the Class, and Plaintiffs' Counsel Varnell & Warwick, P.A. and Wallace & Graham, P.A. are appointed as Class Counsel for the Settlement Class.

5.      The Final Fairness Hearing shall be held before this Court on _____, 2017, at ____ a.m., in Courtroom ____ of the United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida, to determine whether the proposed Settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; whether to finally certify the Settlement Class; whether a Final Approval Order as provided in the Agreement should be entered herein; whether the proposed plan of allocation should be approved; whether the requested service awards to the Named Plaintiffs should be approved; and to determine the amount of fees and expenses that should be awarded to Class Counsel. The Court may adjourn the Final Fairness Hearing without further notice to Settlement Class Members.

6.      The Court preliminarily APPROVES the Settlement, as embodied in the Agreement, as being fair, reasonable, and adequate as to the members of the Settlement Class, subject to further consideration at the Final Fairness Hearing.

7.      The Court approves the form, substance, and requirements of the Direct Mail Notice and the long-form notice, all which are annexed to the Agreement.  The Court finds the proposed notice program comports with Due Process, meets the requirements of Rule 23 of the

Federal Rules of Civil Procedure, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto.

8.      The Court reserves the right to enter its Final Approval Order approving the Settlement and dismissing the claims against Defendants and the other Released Parties with prejudice regardless of whether it has awarded attorneys' fees and litigation expenses.

9.      The Court appoints the firm Dahl Administration as the Administrator to administer the Settlement and disseminate the Direct Mail Notice to the Settlement Class.

10.     Defendants may advance notice and administration costs or expenses to the Administrator be used for reasonable out-of-pocket costs in connection with providing notice of the Settlement to the Class and for other reasonable out-of-pocket administrative expenses.  After the Settlement is Final, additional amounts may be transferred from the Fund to pay notice and administrative expenses in accordance with the Agreement.   Amounts paid directly to the Administrator prior to ten days after the Effective Date are to be treated as contributions to the Fund as set forth in the Agreement and shall be credited towards Defendants' obligation to pay the Fund as set forth in the Agreement.  (See Agreement § 3.4(2)(e)).

11.     The Administrator working with the Parties shall cause the Direct Mail Notice substantially in the forms annexed to the Agreement as Exhibit B to be sent by first-class mail, postage prepaid, by no later than 30 days of the date of this Order, to all Settlement Class Members who can be identified with reasonable effort t.  (See Agreement § 5.3).

12.     The Parties shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms, and Defendants shall use reasonable efforts to provide to the Administrator and Class Counsel records and information concerning the identity of Settlement Class Members and their account records.  (See Agreement §§ 3.3, 5.1).

13.     No later than five days before the Final Fairness Hearing, the Administrator and/or its designees shall file a declaration with the Court verifying that Direct Mail Notice has been provided to the Settlement Class in accordance with this Settlement and this Preliminary Approval Order.  (See Agreement § 5.4).

14.     The Administrator shall establish and maintain an internet site with pertinent information regarding this Settlement and shall post this Order on its website, along with the Agreement and the exhibits thereto, and other relevant materials and information, by no later than five days after the date of this Order. The Parties will cooperate to prepare "Frequently Asked Questions" content and other content for the website.  (See Agreement §§ 5.3(b), 10.4).

15.     Class Counsel and the Administrator and their agents are authorized and directed to prepare any tax returns required to be filed for the Escrow Account and to cause any taxes due and owing to be paid from the Escrow Account without further Order of the Court.

16.     Settlement Class Members shall be bound by all applicable determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make an exclusion request shall make the request in writing mailed to the Administrator, postmarked no later than ninety days after the date of this Order. An appropriate written request for exclusion must be personally signed by the Settlement Class Member and must include: (i) the Settlement Class Member's name, address, telephone number; (ii) the account number(s) of the Settlement Class Member's extension of credit; (iii) an affirmation that he or she is a Settlement Class Member; and (iv) the following statement: "I request to be excluded from the class settlement in this case." No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member,

may exclude any other Settlement Class Member from the Settlement Class.  The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court.   (See Agreement § 7.3).

17.     Any Class Member that requests to be and is excluded from the Class shall not be entitled to receive any payment out of the Fund or other consideration as described in the Agreement and Notice.  (See Agreement § 7.3(c)).

18.     Not later than ten (10) days before the Final Fairness Hearing, the Administrator shall file with the District Court a declaration that lists all of the opt-outs received. (Agreement § 7.3(b)).

19.     Any Settlement Class Member who has not opted out of the Settlement and who wishes to object to the Settlement must file a written objection with the District Court no later than the date specified below.  Settlement Class Members who fail to timely file and serve written objections shall be deemed to have waived any objections and shall be foreclosed from making any objection to the Settlement.  Any such objection must be submitted by mail to the District Court in a writing postmarked no later than ninety days after entry of this Order. Copies of all objections also must be mailed to counsel at the addresses listed in the Agreement.   All objections must include: (i) the objector's name, address and telephone number; (ii) the account number of the extensions of credit; (iii) a sentence confirming that he or she is a Settlement Class Member; (iv) the factual basis and legal grounds for the objection to the settlement; (v) the identity of witnesses whom the objector may call to testify at the Final Fairness Hearing; (vi) copies of exhibits the objector intends to offer into evidence at the Final Fairness Hearing; and (vii) a list of any prior cases in which the objector has objected to a class settlement. The

6

objection must be signed by the objecting Settlement Class Member under penalty of perjury. Counsel representing an objecting Settlement Class Member must enter an appearance in this Action.

20.     Any Class Member may object to the Settlement by mailing a signed letter to the Court that clearly indicates the Class Member's name, address, telephone number, and e-mail address. The letter must state the Class Member's objections, the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention, and documents sufficient to prove membership in the Class. This information should include the information listed at Agreement Section 7.4.   The Court will consider comments and/or objections to the Settlement, the plan of allocation, or the award of attorneys' fees and reimbursement of expenses only if such comments or objections and any supporting papers are (i) filed with the Clerk of the United States District Court for the Southern District of Florida, 299 East Broward Boulevard, Fort Lauderdale, Florida, 33301, showing due proof of service upon counsel identified below; and (ii) mailed to each of the following counsel, postmarked by no later than 90 days from the date of this Order:

**Class Counsel:**

Janet Varnell
Varnell & Warwick, P.A.
P.O. Box 1870
Lady Lake, Florida, 32158,

Mona L. Wallace
Wallace & Graham, P.A.
525 N. Main Street
Salisbury, North Carolina 28144;

**Counsel for Defendants:**

Joseph L. Barloon
Skadden, Arps, Slate, Meagher & Flom LLP

1440 New York Avenue, N.W.
Washington, DC 20005

Christopher S. Carver
Akerman LLP
350 East Las Olas Boulevard
Suite 1600
Ft. Lauderdale, Florida, 33301.

21.     Attendance at the Final Fairness Hearing is not required. Persons wishing to be heard orally at the Final Fairness Hearing in opposition to the approval of the Settlement, the plan of allocation, the Named Plaintiff service awards, and/or Class Counsel's request for attorneys' fees or award of expenses are required to indicate in their written objection that they intend to appear at the Final Fairness Hearing.  Persons who intend to object to the Settlement, the plan of allocation, the Named Plaintiff service awards, and/or Class Counsel's application for award of attorneys' fees and expenses and who desire to present evidence at the Final Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Fairness Hearing and the other information described in the Agreement Section 7.4. Class Members do not need to appear at the hearing or take any other action to indicate their approval.

22.     Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Final Approval Order to be entered approving the Settlement, the plan of allocation, the service awards, or the attorneys' fees and reimbursement of litigation expenses requested.

23.     All papers in support of Plaintiffs' request for Court approval of Named Plaintiff service awards and for attorneys' fees and costs shall be filed and served no later than at least thirty days prior to the deadline for filing objections to this Settlement.  (Agreement §§ 3.5, 3.6).

24.     All papers in support of the final approval of the Settlement and for entry of a Final Approval Order shall be filed and served by no later than ten days before the date set below by the Court for its Final Fairness Hearing on the Settlement.  (Agreement § 8.1).

25.     The Court expressly reserves the right to adjourn the Final Fairness Hearing, or any adjournment thereof, without any further notice to Settlement Class Members other than an announcement at the Final Fairness Hearing, or any adjournment thereof, and to approve the Agreement with modifications approved by the parties to the Agreement and without further notice to Settlement Class Members.

26.     Defendants, Defendants' Counsel, and the Releasees shall have no responsibility for the plan of allocation or any application for attorneys' fees or reimbursement of litigation expenses submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

27.     Neither the Agreement, nor any of its respective terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Named Plaintiffs of any lack of merit to the claims asserted in the action, or by Defendants of the truth of any of the allegations in the action.

28.     The foregoing certification of the Settlement Class is solely for the purpose of effectuating the Settlement.  If the Settlement is not consummated for any reason, the foregoing conditional certification of the Settlement Class and appointment of the Named Plaintiffs as class representatives and of Class Counsel shall be void and of no further effect and the Parties shall be returned to the positions each occupied prior to entry of this Order without prejudice to any legal argument any Party may have asserted in this Action.

29.     The administration of the proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any right of any person to participate in the settlement benefits or Cash Award under the Settlement shall be under the authority of this Court.

30.     The passage of title and ownership of the Fund to the Escrow Agent in accordance with the terms and obligations of the Agreement is approved. No person that is not a Settlement Class Member or Class Counsel shall have any right to any portion of or any rights in the distribution of the Settlement Fund, unless otherwise ordered by the Court or otherwise provided in the Agreement.

31.     All funds held in the Escrow Account shall be deemed and considered to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Agreement and/or further Order of the Court.

32.     Pending final determination of whether the Settlement should be approved, Named Plaintiffs and all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action which asserts Released Claims against any Releasees.

33.     The Court retains exclusive jurisdiction over the action to consider all further matters arising out of or connected with the Settlement.

34.     Unless and until otherwise ordered by the Court, all proceedings in this action, other than proceedings necessary to carry out or enforce the terms and conditions of the Agreement, are hereby STAYED.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this

_____ day of _____, 201__.


_____
JAMES I. COHN
United States District Judge


Copies provided to:

Counsel of record via CM/ECF

# **<u>EXHIBIT B</u>**

**CashCall Class Action Settlement**

**If you entered into a Western Sky Loan Agreement that was serviced by CashCall, you could be part of a class action settlement. To learn more, visit www.FloridaCashCallClassSettlement.com, or call 1-888-XXX-XXXX.**

*Your legal rights are affected. Read this Summary Notice carefully. A Florida Federal Court ordered this Notice after it preliminarily approved a Class Action Settlement in the case of Inetianbor et al. v. CashCall et al.* Case No. 13-60066.

A Settlement has been reached in a lawsuit against CashCall, Inc. and John Paul Reddam ("Defendants"). The lawsuit alleges that Defendants violated Florida's usury laws and the Florida Deceptive and Unfair Trade Practices Act as to loans originated by Western Sky Financial, LLC and serviced by CashCall. The Florida State Attorney General's Office and the Florida Office of Financial Regulation also filed actions against the Defendants based upon related conduct. Defendants vigorously deny these allegations, deny any liability for the claims in these lawsuits, and admit no wrongdoing by agreeing to this Settlement. However, to avoid the cost of a trial, and potential risks for all parties, the Parties have reached a coordinated resolution of all three actions.

## What Does the Settlement Provide?

The coordinated resolution of this class action, the State Attorney General's and the Office of Financial Regulation's actions provide, among other things, that the Defendants are prohibited from lending, servicing, or debt collection in Florida, that they will not enforce any outstanding loan amounts against you and for restitution to eligible borrowers. You received this notice because you have been identified as one of more than 29,000 class members. The Class Action Settlement provides for a non-reversionary Settlement Fund of $14,417,810 which will pay for the cost of this notice, administration of the Fund, service awards to the named plaintiffs in the Class, and attorney fees. After deduction for those amounts, an estimated $10,042,000 will be distributed to approximately 13,077 people whose total payments exceed what would have been due if the loan originally had an 18% interest rate. More information regarding the potential value of your specific claim can be found at www.FloridaCashCallClassSettlement.com.

## What Are Your Other Options?

If you do not want to be legally bound by the Settlement, you must exclude yourself by mailing a note to the Class Administrator no later than _____, 2017. If you properly exclude yourself, you will not get any Settlement payments and you cannot object to the Settlement. However, you will retain any legal claims you may have against the Defendants and may be able to sue on your own in the future. Specific instructions on how to exclude

yourself are available at www.FloridaCashCallClassSettlement.com and on the long form of this notice.

If you remain a Class Member, you can object to the Settlement no later than _____, 2017 and the Court will consider your views.  Your objection must be timely, in writing, and contain certain specific information as described in more detail at www.FloridaCashCallClassSettlement.com and on the long form of this notice.  The Court will hold a Final Approval Hearing at ____ on _____ 2017, in Ft. Lauderdale, Florida.  At this hearing, the Court will consider whether the settlement is fair, reasonable and adequate and whether to approve the Named Plaintiffs' service awards and the attorneys' fees requested by Class Counsel.  You may attend the hearing, and you may hire your own lawyer, but you are not required to do either.  The Court will consider timely written objections containing the required information and may choose to hear from objectors who request to speak at the hearing.

### What To Do If You Have Questions

This Notice is just a summary.  A more detailed long form notice, as well as the Settlement Agreement and other documents related to this lawsuit, can be found online at www.FloridaCashCallClassSettlement.com.  For more information, you may call or write to the Settlement Administrator at 1-888-XXX-XXXX or P.O. Box XXXX, XXXXXXXXX.

# **EXHIBIT #**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

# If you entered into a Loan Agreement with Western Sky that was subsequently purchased by WS Funding and serviced by CashCall, you are part of a class action settlement.

## *A federal court ordered this Notice.*

The Settlement will provide a total of $14,417,810 and the cessation of any lending, servicing and debt collection relating to your Western Sky loans to fully settle and release claims of all individuals identified as Florida residents in Western Sky loan agreements dated on or after February 11, 2011. The details of this Settlement are set forth in detail below.

The Settlement resolves a lawsuit brought against CashCall, Inc. and John Paul Reddam (together "Defendants"). The lawsuit alleges that Defendants violated Florida's usury laws and the Florida Deceptive and Unfair Trade Practices Act. The Florida State Attorney General's Office and the Florida Office of Financial Regulation also filed actions against the Defendants based upon the same or related conduct. Defendants vigorously deny these allegations, deny any liability for the claims in these lawsuits, and admit no wrongdoing by agreeing to this Settlement. However, to avoid the cost of a trial, and potential risks for all parties, the Parties have reached a coordinated resolution resolving all three actions. There are separate funds being paid to the State of Florida in connection with the State Attorney General's action and the Office of Financial Regulation's action which also include money that will be distributed to those who are not part of the certified Class of borrowers. The Class Action Settlement was preliminarily approved by the United States District Court for the Southern District of Florida on _____, 2016.

- Your legal rights may be affected whether you act or don't act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **EXCLUDE YOURSELF** | You can opt out of the Settlement and you will not be eligible for any benefits, including any cash payments that you may be eligible for. This is the only option that allows you to be part of another lawsuit against the Defendants involving the Claims in this Lawsuit. |
| **OBJECT** | If you do not exclude yourself, you may write to the Court about why you don't like the Settlement. |
| **DO NOTHING** | You will remain a member of the Settlement Class and eligible for benefits, including any cash payments. However, you give up |

| | rights to ever sue the Defendants about the legal Claims in this Lawsuit. |
|---|---|

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and after any appeals are resolved.  Please be patient.

## WHAT THIS NOTICE CONTAINS

**BASIC INFORMATION** ................................................. PAGE 3
   1.   What is this lawsuit about?
   2.   Why is this a class action?
   3.   Why is there a settlement?

**WHO IS IN THE SETTLEMENT** .......................................... PAGE 4
   4.   How do I know if I am part of the Settlement?
   5.   What if I had a loan before February 11, 2011, am I included?
   6.   I'm still not sure if I am included.

**THE SETTLEMENT BENEFITS—WHAT YOU GET** ................... PAGE 4
   7.   What does the Settlement provide?
   8.   When would I get my payment?
   9.   What am I giving up to get a payment or stay in the Class?

**EXCLUDING YOURSELF FROM THE SETTLEMENT** ................. PAGE 5
  10.  How do I get out of the Settlement?
  11.  If I don't exclude myself, can I sue the Defendants for the same thing later?

**THE LAWYERS REPRESENTING YOU** ............................. PAGE 6
  12.  Do I have a lawyer in the case?
  13.  How will the lawyers and other expenses be paid?

**OBJECTING TO THE SETTLEMENT** ............................... PAGE 6
  14.  How do I tell the Court that I don't like the Settlement?
  15.  What is the difference between objecting and asking to be excluded?

**THE COURT'S FINAL APPROVAL HEARING** ...................... PAGE 8
  16.  When and where will the Court decide whether to approve the Settlement?
  17.  Do I have to come to the hearing?
  18.  May I speak at the hearing?

**IF YOU DO NOTHING** ............................................. PAGE 8

**GETTING MORE INFORMATION** ................................. PAGE 8

19. Are there more details about the Settlement?
20. How do I get more information?


# BASIC INFORMATION

| **1. What is this lawsuit about?** |
|---|

This case arises out of unsecured consumer installment loans that Florida residents applied for and received from Western Sky Financial, LLC ("Western Sky"). After the loans were finalized and funded, Western Sky sold and assigned the loans to WS Funding, and such loans were subsequently serviced by Defendant CashCall, Inc. ("CashCall"). Defendant John Paul Reddam ("Mr. Reddam") is CashCall's President, Chief Executive Officer, and sole shareholder.

Plaintiffs claim that CashCall, a California corporation, was the real lender for the Western Sky loans. Plaintiffs added class action claims in an existing lawsuit that was filed by Abraham Inetianbor against CashCall in the United States District Court for the Southern District of Florida claiming on behalf of all similarly situated borrowers that CashCall violated the Florida usury statute, Fla. Stat. § 687.02, *et seq.*; the Florida Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201-.213; that Plaintiffs are entitled to a declaratory judgment; and that Mr. Reddam has direct personal liability for CashCall's conduct.

The Florida State Attorney General's Office and the Florida Office of Financial Regulation also filed actions against the Defendants for the same or related conduct.  Those actions were also settled in a coordinated resolution with this Class Action.

Defendants vigorously deny these allegations, deny any wrongdoing, and assert that the loans are legal. Defendants assert that Western Sky was the real lender for the loans, and that state laws do not apply to these loans because the loans are governed by the laws and jurisdiction of the Cheyenne River Sioux Tribe, as stated in the Western Sky loan agreements. Defendants have agreed to settle only to avoid the cost and inconvenience of litigation.

| **2. Why is this a class action?** |
|---|

In a class action, one or more people called Named Plaintiffs, sue on behalf of themselves and other people.  All individuals identified as Florida residents in Western Sky loan agreements dated on or after February 11, 2011 are Class Members, except for those who are excluded or who exclude themselves from the Class (see Question 10).  The Court then resolves the claims asserted for all Class Members at one time.  Here, United States District Court Judge James I. Cohn is in charge of this class action.

| **3. Why is there a settlement?** |
|---|

The Court did not decide in favor of Plaintiffs or Defendants. Instead, both sides agreed to this Settlement. This way, both sides avoid the potential risks and costs of a trial, all Class Members receive benefits related to their loans and the Class Members who qualify will get compensation without having to commit to a full trial. The Class Representatives and counsel for the Class ("Class Counsel") believe the Settlement is best for all Class Members considering the risks of going forward to trial.

# WHO IS IN THE SETTLEMENT

### 4. How do I know if I am part of the Class Action Settlement?

You are a Class Member for purposes of the Settlement if you fit this description: You had a Western Sky loan agreement that identified you as a Florida Resident at the time you received the loan and the loan is dated on or after February 11, 2011. In addition to the benefits under the Settlement for all Class Members, those who paid their loan in full or made total payments that exceed what would have been due had such loan been originated at an 18% interest rate are also eligible for a cash payout (Question 7). If you had a Western Sky loan agreement in Florida on or after February 11, 2011 but did NOT pay your loan in full or make total payments that exceed what would have been due had such loan been originated at an 18% interest rate, you will not be receiving a cash payout, but you will be receiving significant debt relief and are still part of the Settlement Class.

### 5. If I had a Western Sky Loan Agreement dated before February 11, 2011, am I included?

No. However, you may be entitled to a restitution payment as part of the settlement between Defendants and the Florida State Attorney General's Office. The Attorney General's Office and this Class Action Settlement were part of a coordinated resolution and, together, both settlements collectively provide benefits to all Florida Western Sky Borrowers. The combined benefits include, among other things, that the Defendants are prohibited from lending, servicing, or debt collection in Florida, that they will not enforce any outstanding loan amounts against you and for approximately $11,075,000 total restitution for eligible borrowers. If your Western Sky loan agreement is dated before the February 11, 2011 Class period, you may be eligible for a restitution payment under the Attorney General's settlement. You can find out more about that settlement by going to www.myfloridalegal.com.

### 6. I'm still not sure if I'm included.

If you are still not sure whether you are eligible to receive a cash payment or otherwise participate in the benefits of this lawsuit, you can call 1-888-XXX-XXXX or visit www.FloridaCashCallClassSettlement.com for more information.

# THE SETTLEMENT BENEFITS—WHAT YOU GET

This Notice provides a summary of some, but not all, of the terms of the Settlement. The entire contents of the Settlement are posted on www.FloridaCashCallClassSettlement.com. To take effect, the Settlement must be approved by the Court.

| 7. What does the settlement provide? |
|---|

The complete terms of the proposed Settlement are set forth in a formal Settlement Agreement, which is on file with the Court and on the website www.FloridaCashCallClassSettlement.com. This Notice is only a summary of the Settlement, and in case of any conflict between this Notice and the Settlement, the terms of the Settlement will control.

While denying liability, Defendants have agreed to settle this matter as part of a coordinated resolution that also settled the actions filed by the Florida State Attorney General and the Florida Office of Financial Regulation and the individual claims of Abraham Inetianbor who filed the underlying lawsuit that created this Class Action. The total amount to be paid in settlement of all claims in all of these actions is $17,000,000. That total amount is being allocated by an agreement between the Florida State Attorney General's Office, the Office of Financial Regulation, and Class Counsel to cover all of the claims in all of the actions and approximately $11,075,000 of that amount is anticipated to be paid back to Florida borrowers as restitution. The State Attorney General's Office will distribute the restitution amounts for eligible borrowers whose loans were dated prior to February 11, 2011 and restitution for those eligible borrowers with loans after that date will be distributed pursuant to this Class Action settlement.

This Class Action Settlement creates a non-reversionary Settlement Fund of $14,417,810, which will be used to pay, among other things, restitution to those Class Members whose total payments on their loan exceed what would have been due had such loan been originated at an 18% interest rate. It is estimated that there will be a total of $10,042,810 funds remaining to distribute to the Class as restitution after deductions if the Court approves the requested amounts for the costs of notice and administration of the Settlement, service awards to the Named Plaintiffs and attorneys' fees and costs. The cash payment to eligible Class Members will be paid on an equitable basis, after consultation with a third-party claims administrator; the amount that you receive will be an approximate percentage of the excess interest you paid on your loan.

The Settlement also provides for important prospective relief for all Class Members. This includes Class Members who are not eligible for a cash payment because the total payments on their loan did not exceed what would have been due had such loan been originated at an 18% interest rate, even where Class Members did not repay their loan in full. The prospective relief includes: Defendants will stop all servicing and collection activities on any outstanding Western Sky loans belonging to Class Members; Defendants will notify relevant Settlement Class Members that they will no longer attempt to enforce any outstanding Western Sky loans and will stop all collection activities on those loans; Defendants agree that the amounts owed on all Class Members' loans are disputed; Defendants will provide notice to the third parties to which they sold any Florida Western Sky Loans that such loans should not be enforced, collected, or sold and the amounts owed on the loans are disputed; and Defendants will contact applicable credit bureaus to request that any credit reporting regarding Florida Western Sky Loans be removed. Additionally, Defendants shall be permanently enjoined and prohibited within Florida from:

offering, soliciting, making, originating, funding, or financing any loan; servicing or collecting on any loan; selling, transferring, or assigning any Florida Western Sky Loans to any third party; and selling, transferring, assigning, or leasing, in any manner, any information or data related to Class Members to any third party.

## 8.  When would I get my payment?

The Court will hold a hearing at _____ on _____, 2017 to decide whether to grant final approval to the Settlement.  If Judge Cohn approves the Settlement, any objecting class member has the right to file an appeal.  Restitution payments under the Settlement will be made only after any appeals have been resolved in favor of the Settlement.  There is no guarantee that money or benefits will ever be distributed.

## 9.  What am I giving up to stay in the Class?

Unless you exclude yourself, you are a member of the Settlement Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit concerning the claims relating to your Western Sky loan.  The Released Parties are: CashCall, Inc., John Paul Reddam, Western Sky Financial, LLC, Martin A. Webb, WS Funding, LLC, and Delbert Services Corporation, as well as their agents, servants, employees, officers, members, directors, affiliates, subsidiaries, representatives, attorneys, successors, and heirs, and any other person acting under their direction and control, including through any corporation, trust, or other device. Staying in the Class means that you will have the right to all of the benefits, including a cash payment if you are eligible, and will also mean that you release all claims against the Released Parties arising out of or relating in any way to your Western Sky loan, regardless of whether such claim is known or unknown, asserted or as yet un-asserted. Staying in the Class also means that all of the Court's orders will apply to you and legally bind you.

The full terms of the release, which will bind all Settlement Class Members, are set forth in the Settlement, which is on file with the Court and available at www.FloridaCashCallClassSettlement.com.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want to be part of the Settlement, and you want to keep the right to sue or continue to sue Defendants (or any of the other Released Parties) in the future about your loan from Western Sky, then you must take steps to remove yourself from the Class.  This process is sometimes called "opting out" of the Settlement Class.  If you do not opt out, you will be legally bound by all orders of the Court in the case regarding the Settlement Class and the Settlement.  If the Court approves the Settlement, all of the settled claims will be released.

## 10.  How do I get out of the Settlement?

To exclude yourself from the Settlement, you must send a letter by mail saying that you want to be excluded from the Settlement. Be sure to include the case name and number, your name, address, telephone number; your Western Sky loan account numbers; an affirmation that you are a class member; a statement that you request to be excluded from the class settlement; and your signature. You must mail your exclusion request postmarked no later than _____, 2017. to the Settlement Administrator at Florida CashCall Class Settlement Exclusions, Claims Administrator, [Address].

Requests for exclusion must be exercised individually, not as or on behalf of a group, class or subclass. You cannot exclude yourself by phone or by email. If you ask to be excluded, you will not get any settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this Lawsuit. You may be able to sue (or continue to sue) Defendants (or the other Released Parties) in the future, after the Settlement is finally approved.

**You will <u>not</u> receive any money or other benefits from the Settlement if you exclude yourself. If you do not exclude yourself, you will be bound by this Settlement.**

| 11.  If I don't exclude myself, can I sue Defendants for the same thing later? |
|---|

No. Unless you exclude yourself, you give up any right to sue the Defendants for claims about your Western Sky loan. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You must exclude yourself from *this* Class to continue with your own lawsuit. Remember, the exclusion deadline is _____, 2017.

# THE LAWYERS REPRESENTING YOU

| 12.  Do I have a lawyer in this case? |
|---|

Yes. The Class is represented by Janet Varnell of Varnell & Warwick, P.A., Lady Lake, Florida and Mona Lisa Wallace and John Hughes of Wallace & Graham, P.A., Charlotte, North Carolina. These lawyers have been appointed by the Court to act as Class Counsel, meaning that they were appointed to represent you and all Settlement Class Members with respect to the allegations in this litigation. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

| 13.  How will the lawyers and other expenses be paid? |
|---|

Class Counsel will ask the Court for an award of attorneys' fees and expenses equal to approximately 29% of the Settlement Fund. Class Counsel will also ask the Court to approve a $10,000 payment each to Named Plaintiffs Johnny Fretwell, Lauren Brown, Thomas Peterson, Virginia Fry, and Nels Pate, Jr., who were subject to extensive discovery, including review of their personal finances and depositions, and for their substantial contribution in the prosecution of this Lawsuit for the benefit of the Class. These payments are incentive payments intended to compensate the class representatives for bringing the Lawsuit, and in consideration of the time

and effort they expended in prosecuting this class action. The Court will decide how much Class Counsel and Named Plaintiffs will be paid.

These amounts and the cost of administering the Settlement will be deducted from the Settlement Fund.

# OBJECTING TO THE SETTLEMENT

If you are a Class Member and do not exclude yourself, you can tell the Court that you don't agree with the Settlement, or some part of it, and request that the Settlement not be approved.

| **14. How do I tell the Court that I don't like the Settlement?** |
| --- |

If you are a Class Member and do not exclude yourself, you can object to any part of the Settlement. You can provide the Court with the reasons why you think the Court should not approve it. The Court will consider your views. To be effective, any objection must be in writing and must contain: (i) your name, address and telephone number; (ii) your Western Sky loan account numbers; (iii) a sentence confirming that you are a Settlement Class Member; (iv) the factual basis and legal grounds for the objection to the Settlement; (v) the identity of witnesses that you may call to testify at the Final Approval Hearing; (vi) copies of exhibits that you intend to offer into evidence at the Final Approval Hearing; and (vii) a list of any prior cases in which you have objected to a class settlement. You must sign the objection under penalty of perjury. Counsel representing an objecting Settlement Class Member must enter an appearance in this action.

If you are not represented by your own lawyer you must mail your Written Notice of Objection to the Settlement Administrator at_____, postmarked no later than _____, 2017.

If you are represented by your own lawyer (*i.e.*, not Class Counsel) then your lawyer must file an appearance and your Written Notice of Objection with the Clerk of the District Court no later than _____, 2017. Copies of all objections also must be mailed to each of the following, postmarked by the last day to file the objection: Class Counsel: Janet Varnell, Varnell & Warwick, P.A., P.O. Box 1870, Lady Lake, Florida, 32158, and Mona L. Wallace, Wallace & Graham, P.A., 525 N. Main Street, Salisbury, North Carolina 28144; and counsel for Defendants: Joseph L. Barloon, Skadden, Arps, Slate, Meagher & Flom LLP, 1440 New York Avenue, N.W., Washington, DC 20005, and Christopher S. Carver, Akerman LLP, 350 East Las Olas Boulevard, Suite 1600, Ft. Lauderdale, Florida, 33301.

Settlement Class Members who fail to timely file and serve written objections shall be deemed to have waived any objections and shall be foreclosed from making any objection (whether by appeal or otherwise) to this Settlement.

The right to object to the Settlement must be exercised individually by a Class Member or through his or her attorney, and not as a member of a group, class or subclass.

Keep in mind: Although the Court will consider your objections, there is no guarantee that the Court will agree with them or take any actions based on your objections.

### 15.  What is the difference between objecting and asking to be excluded?

Objecting means that you remain a member of the Settlement Class but you are telling the Court that you do not like something about the Settlement.  You can object only if you stay in the Class, and you will be bound by all terms of the Settlement, even if the Court rejects your objection. Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.  If you submit both a request to be excluded and an objection to the settlement, the Court will honor your request to be excluded and your objection will be disregarded.

# THE COURT'S FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to give the Settlement Final Approval.  You may attend personally or through your own lawyer, at your own expense, and you may ask to speak, but you don't have to do either.

### 16.  When and where will the Court decide whether to approve the Settlement?

The Court will hold a Final Approval Hearing at _____ on _____, at the United States District Court for the Southern District of Florida in Courtroom _____.  At this hearing the Court will consider whether the Settlement is fair, reasonable and adequate.  The Court will also consider how much to pay Class Counsel and Named Plaintiffs.  If there are objections, the Court will consider them.  Judge Cohn will listen to people who have asked to speak at the hearing and who have complied with the requirements for submitting objections set forth in Question 14 above.  After the hearing, the Court will decide whether to approve the Settlement. It is unknown how long that decision will take.

### 17.  Do I have to come to the hearing?

No.  Class Counsel will answer questions Judge Cohn may have.  However, you are welcome to come at your own expense.  If you submit an objection, you do not have to come to Court to talk about it.  As long as you submitted your objection on time in accordance with the procedures set forth in Question 14 above, the Court will consider it.  You may also pay your own lawyer to attend, but it's not necessary.

### 18.  May I speak at the hearing?

You may ask the Court for permission to speak at the Final Approval Hearing, but only in connection with an objection that you have timely submitted in accordance with the procedure set forth in Question 14 above.  You cannot speak at the Final Approval Hearing if you have excluded yourself.

## IF YOU DO NOTHING

If you do nothing, you will get the relief provided from this Settlement, but you will not be able to start a new lawsuit, continue with a lawsuit, or be part of any other lawsuit against any of the Defendants (or the other Released Parties) concerning your Western Sky loan, ever again.

## GETTING MORE INFORMATION

| **19. Are there more details about the Settlement?** |
| --- |

This Notice summarizes the proposed settlement. More details are in a Settlement Agreement. You can get a copy of the Settlement Agreement and other relevant case-related documents by visiting www.FloridaCashCallClassSettlement.com, by calling the Settlement Administrator toll free at 1-888-XXX-XXXX, or by writing to Class Counsel at either of these addresses:

> Janet R. Varnell
> Varnell & Warwick, PA
> P.O. Box 1870
> Lady Lake, FL 32158
> jvarnell@varnellandwarwick.com
>
> Mona L. Wallace, Esq.
> Wallace & Graham, P.A.
> 525 N. Main Street
> Salisbury, NC 28144
> mwallace@wallacegraham.com

| **20. How do I get more information about the Settlement?** |
| --- |

You can call 1-888-XXX-XXXX toll free, write to the Settlement Administrator at Florida CashCall Class Settlement Class Action Administrator, _____, or visit the website at www.FloridaCashCallClassSettlement.com, where you will find answers to common questions about the Settlement, important documents filed in the Lawsuit, plus other information to help you determine whether you are a Class Member and whether you are eligible for a payment. Please do not contact the Court or Defendants' attorneys. They are not in a position to give you any advice.

## PLEASE DO NOT CALL THE COURT FOR INFORMATION OR ADVICE.