**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 13-60066-CIV-COHN/SELTZER

ABRAHAM INETIANBOR, JOHNNY FRETWELL, LAUREN BROWN, THOMAS PETERSON, VIRGINIA FRY, AND NELS PATE, JR., on behalf of themselves and a class of persons similarly situated,

Plaintiffs,

v.

CASHCALL, INC. and JOHN PAUL REDDAM,

Defendants.
_______________________________________/

**ORDER PRELIMINARILY APPROVING CLASS SETTLEMENT, CERTIFYING SETTLEMENT CLASS, DIRECTING NOTICE TO CLASS MEMBERS, AND SETTING HEARING ON FINAL APPROVAL OF SETTLEMENT**

**THIS CAUSE** is before the Court upon the Stipulation and Agreement of Settlement [DE 316-1] ("Agreement") and Motion for Preliminary Approval of Proposed Class Action Settlement [DE 316] ("Motion"). The Court has carefully reviewed these filings and the entire record of this case and is otherwise fully advised in the premises.

Plaintiffs, Johnny Fretwell, Lauren Brown, Thomas Peterson, Virginia Fry and Nels Pate, Jr. (collectively, "Plaintiffs"), and Defendants CashCall, Inc. ("CashCall") and John Paul Reddam ("Mr. Reddam") (collectively, "Defendants" and, together with Plaintiffs, "the Parties"), have entered into the Agreement, which along with a separate individual settlement agreement entered into by Plaintiff Abraham Inetianbor, would settle all claims made in this action.

Plaintiffs have moved, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order preliminarily approving the Settlement in accordance with the terms of the Agreement and providing for notice to the class. The Court is advised that the Defendants do not oppose the motion or the form of this Order.

The Court has reviewed the Agreement[1] and Exhibits thereto, including the proposed Direct Mail Notice (Agreement Exhibit B) and the Long-Form Notice (Agreement Exhibit C), and finds that substantial and sufficient grounds exist for entering this Order.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Motion for Preliminary Approval of Proposed Class Action Settlement [DE 316] is **GRANTED**.

2. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for the purposes of the Settlement only, this litigation is preliminarily certified as a class action on behalf of:

> **Class**: All individuals identified as Florida residents in Western Sky loan agreements dated on or after February 11, 2011.
>
> **FDUTPA Subclass**: All individuals identified as Florida residents in Western Sky loan agreements dated on or after June 30, 2011.
>
> **Usury Subclass 1**: All individuals identified as Florida residents in Western Sky loan agreements who made payments on their loans on or after June 30, 2013.
>
> **Usury Subclass 2**: All individuals identified as Florida residents in Western Sky loan agreements who made payments on their loans on or after February 11, 2013.

[1] Except as otherwise specified, this Order adopts the capitalized terms defined in the Agreement.

The Court notes that this is the same class definition used in the Court's prior Order dated September 19, 2016 when it certified a litigation class. [DE 284].

3. The Court finds, preliminarily and for purposes of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that (a) the number of Settlement Class Members is so numerous that joinder of all members of the class is impracticable, (b) there are questions of law and fact common to each member of the class, (c) the claims of the Named Plaintiffs are typical of the claims of the class they seek to represent, (d) the Named Plaintiffs will fairly and adequately represent the interests of the class, (e) the questions of law and fact common to the members of the class predominate over any questions affecting only individual members of the class, and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of the Settlement only, Named Plaintiffs Johnny Fretwell, Lauren Brown, Thomas Peterson, Virginia Fry and Nels Pate are certified as the class representatives on behalf of the Class, and Plaintiffs' Counsel Varnell & Warwick, P.A. and Wallace & Graham, P.A. are appointed as Class Counsel for the Settlement Class.

5. The Final Fairness Hearing shall be held before this Court on **May 15, 2017, at 9:00 a.m.,** in Courtroom 203E of the United States Courthouse, 299 East Broward Boulevard, Fort Lauderdale, Florida, to determine whether the proposed Settlement of the Action provided for in the Agreement is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; whether a Final Approval

Order should be entered; whether to finally certify the Settlement Class; whether the proposed plan of allocation should be approved; whether the requested service awards to the Named Plaintiffs should be approved; and to determine the amount of fees and expenses that should be awarded to Class Counsel. The Court may adjourn the Final Fairness Hearing without further notice to Settlement Class Members.

6. The Court preliminarily **APPROVES** the Settlement, as embodied in the Agreement, as being fair, reasonable, and adequate as to the members of the Settlement Class, subject to further consideration at the Final Fairness Hearing.

7. The Court approves the form, substance, and requirements of the Direct Mail Notice and the Long-Form Notice. The Court finds the proposed notice program comports with Due Process, meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and shall constitute due and sufficient notice to all persons entitled thereto.

8. The Court reserves the right to enter its Final Approval Order approving the Settlement and dismissing the claims against Defendants and the other Released Parties with prejudice regardless of whether it has awarded Class Counsel fees and litigation expenses.

9. The Court appoints the firm Dahl Administration as the Administrator to administer the Settlement, maintain the settlement website with pertinent information including the Long-Form Notice, and disseminate the Direct Mail Notice to the Settlement Class.

10. Defendants may advance notice and administration costs or expenses to the Administrator to be used for reasonable out-of-pocket costs in connection with

providing notice of the Settlement to the Class and for other reasonable out-of-pocket administrative expenses. After the Settlement is final, additional amounts may be transferred from the Fund to pay notice and administrative expenses in accordance with the Agreement. Amounts paid by Defendants directly to the Administrator prior to ten days after the Effective Date are to be treated as contributions to the Fund as set forth in the Agreement and shall be credited in their entirety (100%) towards Defendants' obligation to pay the Fund as set forth in the Agreement. (See Agreement § 3.4(2)(e)).

11. The Administrator working with the Parties shall send the Direct Mail Notice as found at Exhibit B to the Agreement, or in a substantially similar form, by first-class mail, postage prepaid, by no later than **Friday, January 27, 2017**, to all Settlement Class Members who can be identified with reasonable effort. (See Agreement § 5.3).

12. The Parties shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms, and Defendants shall use reasonable efforts to provide to the Administrator and Class Counsel records and information concerning the identity of Settlement Class Members and their account records. (See Agreement §§ 3.3, 5.1).

13. No later than five days before the Final Fairness Hearing, the Administrator and/or its designees shall file a declaration with the Court verifying that Direct Mail Notice has been provided to the Settlement Class in accordance with this Settlement and this Preliminary Approval Order. (See Agreement § 5.4).

14. The Administrator shall establish and maintain an internet site with pertinent information regarding this Settlement and shall post this Order on its website,

along with the Agreement and the exhibits thereto, and other relevant materials and information, by no later than **Friday, January 6, 2017**. The Parties will work with the Administrator to prepare "Frequently Asked Questions" content and other content for the website. (See Agreement §§ 5.3(b), 10.4).

15. Settlement Class Members shall be bound by all applicable determinations and judgments in this Action, whether favorable or unfavorable, unless such persons request exclusion from the Settlement Class in a timely and proper manner. A Settlement Class Member wishing to make an exclusion request shall make the request in writing mailed to the Administrator, postmarked no later than **Thursday, March 30, 2017**. An appropriate written request for exclusion must be personally signed by the Settlement Class Member and must include identification of the case name and number and: (i) the Settlement Class Member's name, address, telephone number; (ii) the account number(s) of the Settlement Class Member's extension of credit; (iii) an affirmation that he or she is a Settlement Class Member; and (iv) the following statement: "I request to be excluded from the class settlement in this case." The written request must be signed by the Settlement Class Member. No Settlement Class Member, or any person acting on behalf of or in concert or participation with that Settlement Class Member, may exclude any other Settlement Class Member from the Settlement Class. The request for exclusion shall not be effective unless it provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. (See Agreement § 7.3).

16. Any Class Member that requests to be and is excluded from the Class shall not be entitled to receive any payment out of the Fund or other consideration as described in the Agreement and Notice. (See Agreement § 7.3(c)).

17. Not later than ten (10) days before the Final Fairness Hearing, the Administrator shall file with the District Court a declaration that lists all of the opt-outs received. (Agreement § 7.3(b)).

18. Any Settlement Class Member who has not opted out of the Settlement and who wishes to object to the Settlement must file a written objection with the District Court. (See Agreement § 7.4). Settlement Class Members who fail to timely file and serve written objections shall be deemed to have waived any objections and shall be foreclosed from making any objection to the Settlement. Any such objection must be submitted by mail to the District Court in written form postmarked no later than **Thursday, March 30, 2017**. Copies of all objections also must be mailed to counsel at the addresses listed in the Agreement and below. All objections must include identification of the case name and number and: (i) the objector's name, address and telephone number; (ii) the account number of the extensions of credit; (iii) a sentence confirming that he or she is a Settlement Class Member; (iv) the factual basis and legal grounds for the objection to the settlement; (v) the identity of witnesses whom the objector may call to testify at the Final Fairness Hearing; (vi) copies of exhibits the objector intends to offer into evidence at the Final Fairness Hearing; and (vii) a list of any prior cases in which the objector has objected to a class settlement. The objection must be signed by the objecting Settlement Class Member under penalty of perjury. Counsel representing an objecting Settlement Class Member must enter an appearance

in this Action. The Court will consider comments and/or objections to the Settlement, the plan of allocation, the Named Plaintiffs' service awards, or the award of attorneys' fees and reimbursement of expenses only if such comments or objections and any supporting papers are (i) filed with the Clerk of the United States District Court for the Southern District of Florida, 299 East Broward Boulevard, Fort Lauderdale, Florida, 33301, showing due proof of service upon counsel identified below; and (ii) mailed to each of the following counsel, postmarked by no later than **Thursday, March 30, 2017**:

**Class Counsel:**

Janet Varnell
Varnell & Warwick, P.A.
P.O. Box 1870
Lady Lake, Florida, 32158

Mona L. Wallace
Wallace & Graham, P.A.
525 N. Main Street
Salisbury, North Carolina 28144

**Counsel for Defendants:**

Joseph L. Barloon
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Avenue, N.W.
Washington, DC 20005

Christopher S. Carver
Akerman LLP
350 East Las Olas Boulevard
Suite 1600
Ft. Lauderdale, Florida, 33301

19. Attendance at the Final Fairness Hearing is not required. Persons wishing to be heard orally at the Final Fairness Hearing in opposition to the approval of the Settlement, the plan of allocation, the Named Plaintiff service awards, and/or Class Counsel's request for attorneys' fees or award of expenses are required to indicate in

their written objection that they intend to appear at the Final Fairness Hearing. As explained above, persons who intend to object to the Settlement, the plan of allocation, the Named Plaintiff service awards, and/or Class Counsel's application for award of attorneys' fees and expenses and who desire to present evidence at the Final Fairness Hearing must include in their written objections the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Final Fairness Hearing. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

20. Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Final Approval Order to be entered approving the Settlement, the plan of allocation, the service awards, or the attorneys' fees and reimbursement of litigation expenses requested.

21. All papers in support of Plaintiffs' request for Court approval of Named Plaintiff service awards and for attorneys' fees and costs shall be filed and served no later than **Friday, February 28, 2017**. (Agreement §§ 3.5, 3.6).

22. All papers in support of the final approval of the Settlement and for entry of a Final Approval Order shall be filed and served by no later than ten days before the date set forth below by the Court for the Final Fairness Hearing on the Settlement. (Agreement § 8.1).

23. The Court expressly reserves the right to adjourn the Final Fairness Hearing, or any adjournment thereof, without any further notice to Settlement Class

Members other than an announcement at the Final Fairness Hearing, or any adjournment thereof, and to approve the Agreement with modifications approved by the parties to the Agreement and without further notice to Settlement Class Members.

24. Defendants, Defendants' Counsel, and the Released Parties shall have no responsibility for the plan of allocation or any application for attorneys' fees or reimbursement of litigation expenses submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

25. Neither the Agreement, nor any of its respective terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Named Plaintiffs of any lack of merit to the claims asserted in the action, or by Defendants of the truth of any of the allegations in the action.

26. The foregoing certification of the Settlement Class is solely for the purpose of effectuating the Settlement. If the Settlement is not consummated for any reason, the foregoing conditional certification of the Settlement Class and appointment of the Named Plaintiffs as class representatives and of Class Counsel shall be void and of no further effect and the Parties shall be returned to the positions each occupied prior to entry of this Order without prejudice to any legal argument any Party may have asserted in this Action.

27. The administration of the proposed Settlement and the determination of all disputed questions of law and fact with respect to the validity of any right of any person to participate in the settlement benefits or Cash Award under the Settlement shall be under the authority of this Court.

28. No person who is not a Settlement Class Member, the Administrator or Class Counsel shall have any right to any portion of or any rights in the distribution of the Settlement Fund, unless otherwise ordered by the Court or otherwise provided for in the Agreement.

29. All funds held in the Escrow Account shall be deemed and considered to be *in custodia legis* and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Agreement and/or further Order of the Court.

30. Pending final determination of whether the Settlement should be approved, Named Plaintiffs and all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence, or prosecute any action which asserts Released Claims against any Released Parties.

31. The Court retains exclusive jurisdiction over the action to consider all further matters arising out of or connected with the Settlement.

32. Unless and until otherwise ordered by the Court, all proceedings in this action, other than proceedings necessary to carry out or enforce the terms and conditions of the Agreement, are hereby **STAYED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 30th day of December, 2016.

JAMES I. COHN
United States District Judge

Copies provided to:
Counsel of record via CM/ECF