UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 13-60066-CIV-COHN-SELTZER

ABRAHAM INETIANBOR, JOHNNY )
FRETWELL, LAUREN BROWN, )
THOMAS PETERSON, VIRGINIA FRY, )
AND NELS PATE, JR., on behalf of )
themselves and a class of persons )
similarly situated, )
                                                                          )
        Plaintiffs, )
                                                                  )
vs. )
                                                                  )
CASHCALL, INC. and JOHN PAUL )
REDDAM, )
                                                                  )
        Defendants. )
_____ )

## ORDER OF FINAL APPROVAL AND JUDGMENT

**THIS CAUSE** comes before the Court on the motion of the Plaintiffs, Johnny Fretwell, Lauren Brown, Thomas Peterson, Virginia Fry and Nels Pate, Jr., through counsel, on their own behalf and on behalf of a class of persons similarly situated, unopposed by the Defendants, CashCall, Inc. and John Paul Reddam, for final approval of the parties' class action settlement pursuant to the Stipulation and Agreement of Settlement filed at Doc. 316-1 (the "Settlement Agreement").

The Plaintiffs have filed their motion requesting final approval of the class action settlement on Friday, May 5, 2017. In their motion for preliminary approval that was previously filed on December 23, 2016 (Doc. 316), their motion for award of attorneys' fees, costs and service awards (Doc. 323), and their motion and associated brief seeking final approval, the Plaintiffs have provided facts and legal argument supporting a finding that the settlement is fair

1

and reasonable, and that the requested awards of incentive awards for the Class Representative Plaintiffs and for an award of attorneys' fees and costs are reasonable and should be allowed.

Accordingly, the Court finds that:

1. The total number of class members is approximately 26,774.

2. Notice was sent by first class mail to the class members at their last known mailing address using reasonable means by the settlement administrator, Dahl Administration, LLC.

3. When some notices "bounced" in the mail, Dahl updated addresses and made further efforts. In the end, a total of 25,778, or 96.3% of class settlement notices, were successfully mailed to Settlement Class Members.

4. Dahl established a website and a toll-free helpline to provide additional information to Settlement Class Members.

5. By the deadline to request exclusion or "opt-out" of March 30, 2017, Dahl has not received any requests for exclusion.

6. As of the date of their final approval brief filed May 5, 2017, Class Counsel and Dahl were only aware of a single letter that purported any objection to the settlement.

7. The settlement does not require class members to engage in a "claims-made" procedure but rather will result in settlement payments being mailed to the eligible class members by Dahl.

8. The Court has carefully considered the motion and submissions in support of final approval, and is otherwise fully advised in the premises.

It is hereby **ORDERED and ADJUDGED** as follows:

1. For the purposes of this final order of dismissal, the Court adopts by reference the definitions set forth in the Definitions section of the Settlement Agreement. This includes the

following definition of the Settlement Class: "All individuals identified as Florida residents in Western Sky loan agreements dated on or after February 11, 2011."

2.      The Court has personal jurisdiction over the Parties and the Settlement Class Members for purposes of finally approving the settlement agreement, venue is proper, and the Court has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto, and to enter this Order of final approval of the class action settlement.

3.      The Court finds that the Settlement Agreement was negotiated at arm's length by experienced counsel who were informed of the facts and circumstances of this litigation and of the strengths and weaknesses of their respective positions. There is no evidence of collusion. The Settlement Agreement was reached after the parties engaged in extensive litigation, including motions to dismiss, motions for summary judgment, and a motion for class certification, as well as proceedings on appeal. Further, the settlement occurred only after the parties participated in lengthy arm's-length negotiation and mediation.

4.      Counsel for the parties therefore were well-positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation with respect to difficult questions of fact and law.

5.      The Court finds that the settlement is fair, reasonable, and adequate, and accordingly, the Court finally approves the class as certified for settlement purposes. The Court finds that the prerequisites for a class action under Fed. R. Civ. P. 23(a) and 23(b) have been satisfied for settlement purposes for each Settlement Class Member in that: (a) the number of class members is so numerous that joinder of all is impracticable; (b) there are questions of law and fact common to the class; (c) the claims of the Named Plaintiffs are typical of the claims of the class they seek to represent; (d) Named Plaintiffs have and will continue to fairly and

adequately represent the interests of the class for purposes of entering into the Settlement Agreement; (e) the questions of law and fact common to the class predominate over any questions affecting any individual class member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

6. Pursuant to Fed. R. Civ. P. 23, this Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement, which shall consist of the following: "All individuals identified as Florida residents in Western Sky loan agreements dated on or after February 11, 2011."

7. The Court confirms its appointment of the law firms of Wallace and Graham, P.A and Varnell and Warwick, P.A. as Class Counsel for the Settlement Class.

8. The Court confirms its designation of Named Plaintiffs Johnny Fretwell, Lauren Brown, Thomas Peterson, Virginia Fry and Nels Pate, Jr. as the class representatives.

9. The Court finds that the distribution of the mail notice, the creation of the toll-free telephone number system with the ability to speak with a live representative, creation of the Internet site, all as provided for in the Settlement Agreement and Preliminary Approval Order, constituted the best practicable notice under the circumstances to the class members; constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, their right to object or to exclude themselves from the proposed settlement, and their right to appear at the Final Fairness Hearing; was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice; otherwise complied with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.

10.     This Court finds that all notice requirements under the Class Action Fairness Act, 28 U.S.C. § 1715, have been properly complied with in connection with the Settlement, and that it has been more than ninety (90) days since the date on which the notices required under the statute were served upon the appropriate state and federal officials.

11.     The Court finds that the Direct Mail Notice and procedures set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Order and Judgment constitute the most effective and practicable notice of the Final Order and Judgment, the relief available to Settlement Class Members pursuant to the Final Order and Judgment, and applicable time periods; constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and comply with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable laws.  The Court notes the data provided by Dahl showing a very high success rate in mailing the notice, and finds that the Direct Mail Notice satisfies the requirements of due process, the Federal Rules of Civil Procedure and any other applicable laws.  The Court finds that the distribution of the notice, as provided for in the Preliminary Approval Order (Doc. 318), constituted the best notice practicable under the circumstances to all persons within the definition of the class.

12.     Courts in the Eleventh Circuit evaluate six factors in determining whether to approve a class action settlement: (1) the existence of fraud or collusion; (2) the complexity, expense and duration of the litigation; (3) the stage of the proceedings at which the settlement was achieved and the amount of discovery; (4) the probability of success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives, and the substance and amount of opposition received from class members.  *Leverso v. South Trust Bank*

*of Ala., N.A.*, 18 F.3d 1527, 1530, n.6 (11th Cir. 1994); *Hall v. Bank of Am., N.A.*, No. 12-22700, 2014 WL 7184039, at *5 (S.D. Fla. Dec. 17, 2014).

13. There is no evidence that this settlement was the result of fraud or collusion. Both the merits and class issues were heavily litigated. The settlement was the result of a lengthy and arm's-length mediation process. It included mediation before former U.S. District Judge Layn R. Phillips. Accordingly, the first factor favors approval of the settlement.

14. The second factor (complexity, expense and duration of the litigation) also favors approval. This case was brought as first an individual, then a putative class action; first *pro se*, then represented by counsel; and first against only a corporate Defendant, then adding a second individual Defendant. The claims and defenses were complex. The litigation was time-consuming and has already involved both arbitration and appellate proceedings. Even if Plaintiffs were to prevail, a class trial and the appellate process as well as collection efforts could go on for years. In contrast, the settlement provides immediate and substantial monetary and injunctive relief to the settlement class that is meaningful and beneficial. Accordingly, the second factor weighs in favor of approving the settlement.

15. The third factor involves the stage of the proceedings and the amount of discovery completed. The undisputed evidence before the Court and the docket entries herein demonstrate that the parties engaged in significant discovery, depositions, document production, motion practice, merits briefing, and class certification motion practice. This allowed them to be well-informed of the strengths and weaknesses of their claims and defenses. As a result, this factor also supports approval.

16. The fourth factor, the probability of the plaintiffs' success on the merits, weighs in favor of the settlement. Plaintiffs' theory was that Defendants acted improperly by facilitating an

internet lending scheme which violated Florida law.  Over the pendency, Plaintiffs have cited to the Court various rulings in other jurisdictions that support their position.  However, Defendants have likewise cited authority and contentions that could pose hurdles to obtaining a judgment as to the corporate and the individual Defendants.  As importantly, in the years since this case was filed, a number of events have taken place that inject significant risk into prospects for ultimate collection on a final judgment, including the dissolution and reduction in size of various aspects of the corporate enterprise and the allocation of assets to other settlements and resolutions.  While Class Counsel express confidence that they could nonetheless prevail, they acknowledge the risks are significant.  Indeed, there exists a potential that the class could endure a long and expensive trial and appeal only to come away with nothing, or a verdict that cannot be enforced in part or whole.  Further, the settlement benefits compare favorably to multiple other Western Sky-related resolutions.  In light of the recovery to the class, as well as the significant litigation risk Plaintiffs faced absent settlement, the settlement is fair, reasonable and adequate.

17. As to the range of possible recovery, the Court finds that the Settlement Agreement offers monetary relief to Settlement Class Members that will compensate them for a significant part of the allegedly inflated portion of the loan interest that they paid or were charged.  The settlement compares favorably to multiple other similar matters that were settled, and the injunctive relief is also meaningful.  The Court finds that the significant injunctive relief provided under the Settlement Agreement is not illusory, but constitutes important consideration and relief affording value to the class, for example by strengthening their credit records.

18. With respect to the last factor, the Court considers the reaction of the class, as well as the reaction of the various state attorney generals and regulators, to the proposed settlement to be an important indicator as to its reasonableness and fairness.  Of the over 25,000

class members in the State of Florida to whom notice was issued, there was only one (1) colorable letter with any objection filed on behalf of any of the Class Members which equates to less than 0.005% of the class. Moreover, not a single state attorney general or regulator submitted an objection to any provision of the Settlement Agreement. To the contrary, both the Attorney General for the State of Florida, as well as the Office of Financial Regulation, support the settlement which in fact has been carefully coordinated with resolutions of concurrent proceedings before each. Also, there have been no opt-out requests from the class.

19.     Class Counsel and all Named Plaintiffs support the settlement, which they achieved only after arduous proceedings and negotiations. There were significant obstacles to prevailing both on the merits and at class certification that support counsel's conclusion that the settlement is in the best interest of the class. Finally, the involvement of a respected and experienced mediator is entitled to substantial weight. The Court finds that such facts are overwhelming support for the settlement and evidence of its reasonableness and fairness.

20.     The Court notes the objection to the settlement. The Court has carefully considered the arguments raised by the letter objection, including his position expressed in his letter to the Court that he should receive $3000 instead of his pro rata share of the applicable settlement fund. The Court finds the objection to be procedurally and substantively deficient. The objection is hereby overruled.

21.     After reviewing Class Counsel's application for attorneys' fees, costs and service awards, the Court hereby **GRANTS** the motion.

22.     The Court awards payment of $10,000 to the Class Representatives, Johnny Fretwell, Lauren Brown, Thomas Peterson, Virginia Fry, and Nels Pate, Jr., for a cumulative

maximum total of $50,000.  This payment is an incentive award and a service payment reflecting their time and effort participating actively in the prosecution of this matter.

23.     The Court awards $150,000.00 for payment for costs of notice and class administration to Dahl Administration.  The Court notes that as reflected in the Declaration from Dahl, they have provided effective professional service, and stand ready to effectuate the remainder of the administrative process.

24.     Pursuant to Fed. R. Civ. P. 23(h), the Court hereby awards class counsel for the settlement class attorneys' fees and expenses in the amount of $4,175,000.

25.     The Court notes the total Fund is $14,417,810 (Settlement Agreement § 2.16).  The attorney fee and cost award of $4,175,000 represents 29% of the monetary fund (*i.e.*, 29% of $14,417,810), and a far smaller percentage of the total value of the settlement if equitable relief is considered.  According to the Stipulated Final Judgment and Order dated January 9, 2017, in the coordinated Florida Attorney General action, one result of the settlement and resolution is that there are approximately "$15 million in loan balances for which collection and enforcement ceased."  Thus, the combined total value of the settlement is close to $30 million.  The attorney fee viewed as a percentage of that figure comes out to be only 14%.

26.     In the Eleventh Circuit, attorneys' fees shall be based upon a reasonable percentage of the fund established for the benefit of the class. *See Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991); *Pinto v. Princess Cruise Lines, Ltd.,* 513 F. Supp. 2d 1334, 1339 (S.D. Fla. 2007); *In re Sunbeam Sec. Litig.,* 176 F. Supp. 2d 1323, 1333 (S.D. Fla. 2001).  While there is no "cookie-cutter" rule for fees, the Court notes that the fee percentage sought here is less than what has often been awarded.  And, this was not a case that went to settlement promptly.  Rather it was heavily litigated and included significant risk factors.

*Compare Allapattah Servs., Inc. v. Exxon Corp.*, 454 F.Supp.2d 1185, 1210 (S.D. Fla. 2006) (awarding fees of 31 1/2% of settlement fund); *Camden I*, 946 F. 2d at 774 (range can be 20%-50% of the value provided); *David v. Am. Suzuki Motor Corp.,* No. 08-CV-22278, 2010 U.S. Dist. LEXIS 146073, 2010 WL 1628362, at *8 n.15 (S.D. Fla. Apr. 15, 2010) (20%-50% of common fund is "the customary fee in class actions that result in substantial benefits"). T*erazosin Hydrochloride Antitrust Litig*, No. 99-1317-MDL-Seitz, 2005 U.S. Dist. LEXIS 43082 (S.D. Fla. Apr. 19, 2005) (awarding fees of 33-1/3 %); *In re Managed Care Litig. v. Aetna,* MDL No. 1334, 2003 U.S. Dist. LEXIS 27228, 2003 WL 22850070 (S.D. Fla. Oct. 24, 2003) (35.5% of settlement).

27.　In light of these findings, the Settlement Agreement is finally approved as fair, reasonable, and adequate pursuant to Fed. R. Civ. P. 23(e). The terms and provisions of the Settlement Agreement, including all exhibits thereto, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Settlement Class Members. The Settlement Agreement confers substantial benefits upon the Settlement Class members, is in the public interest, and will provide the Parties with repose from litigation.

28.　The Parties are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions. The terms of the Settlement Agreement and of this Final Order and Judgment, including all exhibits thereto, shall be forever binding on, and shall have res judicata and preclusive effect in, all pending and future lawsuits maintained by the Plaintiffs and all other Settlement Class Members, as well as their heirs, executors and administrators, successors, and assigns.

29.     The Settlement is fair, reasonable and adequate to the Settlement Class and each Settlement Class Member shall be bound by the Settlement, including the releases contained in Section IV of the Settlement Agreement.  The Release, as set forth in Section IV of the Settlement Agreement, is expressly incorporated herein in all respects and deemed effective as of the date of this Final Order and Judgment; and the Released Persons (as that term is defined in the Settlement Agreement) are forever released, relinquished, and discharged by the Plaintiffs and each member of the Settlement Class from all Released Claims (as that term is defined below and in the Settlement Agreement).  Upon the entry of this Order, the Class Representatives and all Settlement Class Members shall be deemed to have and by operation of law shall have, fully, finally and forever released and discharged the Released Parties from the Released Claims, as defined in the Settlement Agreement.

30.     The Court orders the dismissal, on the merits and with prejudice, of all claims and an injunction prohibiting all Settlement Class Members or their representatives or privies from bringing, joining, or continuing to prosecute against the Released Parties any Released Claims and entering judgment thereon.  The Court bars and permanently enjoins all Class Members from instituting or prosecuting any action or proceeding, whether class or individual, against Defendants for liability in any way related to, arising out of, or based upon the Released Claims.

31.     The Settlement represents a fair resolution of all claims asserted on behalf of the Settlement Class and fully and finally resolves all such claims.

32.     The Court notes and confirms that there are no opt-outs from the settlement.  The Court finds that no class members have timely and effectively requested exclusion from the class under the Settlement Agreement.

33. The parties are directed to implement the settlement in accordance with its terms, including but not limited to implementation and performance of any pertinent provisions in the Settlement Agreement related to further funding of the settlement fund, implementation of distributions to eligible class members, and other contemplated distributions. The parties are instructed to report back to the Court in due course with regard to whether there is any residual amount in the settlement fund after all distributions are made, and if so, as to the parties' recommendation for an appropriate *cy pres* recipient.

34. The Court hereby **DISMISSES WITH PREJUDICE** the Action, all claims contained therein, and all Released Claims against the Released Parties.

35. The Parties are to bear their own costs, except as otherwise provided in the Settlement Agreement.

36. The Court notes that Defendants have denied any liability to Plaintiffs or to the Class for any matter whatsoever.

37. Without in any way affecting the finality of this Order, this Court hereby retains jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Order and for any other necessary purpose. The Court finds that it has jurisdiction over the subject matter of the Action, the Named Plaintiffs, and the other Settlement Class Members, and Defendants for the purpose of finally approving the settlement agreement. The Court orders the retention of jurisdiction of all matters relating to the modification, interpretation, administration, implementation, effectuation, and enforcement of this Settlement.

38. The Clerk is directed to **CLOSE** this case and **DENY** any remaining pending motions as moot.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 15th day of May, 2017.

*[signature]*
JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF

13